## SUTTON *v.* SCHOOL CITY OF MONTPELIER.

[No. 3,475.   Filed February 5, 1902.]

MUNICIPAL CORPORATIONS. — *Street Improvements.* — *Assessment of School Property.*—The board of trustees of an incorporated town have no power to assess school property for the construction of a street in front of it.   *pp. 316–318.*

SCHOOLS AND SCHOOL DISTRICTS.—*Contract for Street Improvements.*— A school town cannot legally contract for the construction of a street in front of its property nor assume the payment thereof after the work is completed.   *pp. 318, 319.*

From Blackford Circuit Court; *E. C. Vaughn,* Judge.

Action by James M. Sutton against the School City of Montpelier for the collection of an assessment for the improvement of a street. From a judgment for defendant, plaintiff appeals. *Affirmed.*

J. A. *Hindman*, for appellant.

C. W. *Kinnan*, S. W. *Cantwell* and L. B. *Simmons*, for appellee.

HENLEY, J.—This was an action commenced by the appellant to collect an assessment for the improvement of a street in the town, now city, of Montpelier. The trial court sustained appellee's demurrer to the appellant's amended complaint, and this action of the court is the only question presented by this appeal. The complaint recites at length the proceedings of the board of trustees of the then town of Montpelier in assessing the property for the improvement and construction of a certain street in said town, which street ran along and in front of certain school property in said town. Appellee admits that the proceedings of the board of trustees of said town to construct the street were, in form, regular. The questions presented are: Have the board of trustees of an incorporated town the right or power to assess school property for the construction of a street in front of it; and, can a school city, or school town, as the case may be, legally contract for the construction of a street in front of its property? It is alleged in the complaint that the school town of Montpelier has for more than five years prior to the time of the building of said street been the owner of the following described lots of land in Blackford county, Indiana, viz.: Lots numbered three, five, seven, and nine, in block fifteen of the original plat of the town of Montpelier, and that said property abuts, fronts, and borders on said improvement the width of 276.2 feet; that said property was assessed on account of said improvement the sum of $1,405.33. The complaint then continues, "and that afterwards, to wit, on the 9th day of January, 1895, said defendant, the school town of Montpelier, by Thomas

Schull, president of its board of trustees, promised and agreed in writing to pay said amount so assessed against said property for and on account of said improvement, and filed such agreement with the clerk of said town, which writing was in the words and figures as follows, viz.: 'We, the undersigned owners of real estate abutting on Main and South Main streets, Main street from the south line of Cavendish square to the south line of Monroe street, and from the south line of Monroe street to the south corporation line, in the town of Montpelier, Blackford county, Indiana, severally promise and agree, in consideration of having the right to pay in instalments our respective instalments for the improvement of Main and South Main streets as provided for in special ordinance No. 84, 1893, that we will not make any objection to any illegality or irregularity as to our respective assessments, and will pay the same when due, with interest thereon at such rate, not exceeding six per cent., as shall by ordinance of the board of trustees be prescribed and required'. This contract was signed by the appellee, representing said lots three, five, seven and nine, for the amount as hereinbefore stated. It is averred that appellant did the work, which was long since completed; that he demanded payment from appellee, but that appellee has wholly failed to pay said assessment or any part thereof. The relief asked by appellant is 'that the court find the amount due from the defendant, the school city of Montpelier, that plaintiff have judgment for such amount, and that he have all other relief to which he is entitled in law or in equity.' "

Counsel for appellant contend that, under the allegations of the complaint, appellant had a right to recover judgment against appellee for the amount found due by the court, regardless of whether or not the board of trustees of the town of Montpelier had the power to levy the assessment on the property of appellee. Appellee entered into a contract which, as against natural persons, created a per-

sonal liability for the amount owing. *Jones Co.* v. *Perry*, 26 Ind. App. 554; *Wayne County Savings Bank* v. *Gas City Land Co.*, 156 Ind. 662.

The board of trustees did not have the power to levy an assessment against appellee's property for the construction of a street. The act commonly known as the "Barrett law", under the provisions of which the work was authorized, does not authorize the assessment of school property, or, in fact, any public property. However, it does provide for a method of payment for that part of a street constructed or improved in front of property owned by the State. §4290 Burns 1901. The courts of this country have been uniform in holding that public property can not be assessed for the expense of constructing, improving, or repairing a road or street unless such property is made subject to assessment by statute. Elliott on Roads and Streets, §§390-403; *City of Frankfort* v. *State ex rel.*, 128 Ind. 438; *Griswold* v. *Pelton*, 34 Ohio St. 482; *Niklaus* v. *Conkling*, 118 Ind. 289.

The courts of Kentucky have held under an act which is not materially different from the Barrett law, that a board of trustees of an incorporated town can not lay an assessment upon school property. *City of Louisville* v. *Leatherman*, 99 Ky. 213, 35 S. W. 625.

Having held that no assessment could be laid on appellee's property for the construction of the street, the one question remains as to whether appellee has authority to assume the payment of the claim, the work having been completed. The same question of power would arise if appellee had contracted for the construction of the street in the first instance.

The powers of a school corporation are limited to those powers which the legislature has delegated to them, and persons contracting with them must contract with this in view. We do not find in the statutes any authority, either express or implied, which would authorize a school corporation to expend the funds in its care in the construction of

public streets in front of its property. The act of appellee by which it agreed to pay for the improvement was *ultra vires* and void.

The equity of the case is with appellant. The public school property has been improved, no doubt, by the construction of the street. If the claim be paid by the appellee, the cost falls upon the tax payers and is paid as other taxes. This would be just and right.

The record as it comes to us presents no available error. Judgment affirmed.