### DENMAN v. WEBSTER.*

### S. F. No. 3057; December 16, 1902.

#### 70 Pac. 1063.

**City Attorney—Duty to Defend Board of Education.**—Under the charter of San Francisco, authorizing the election of a city attorney, and in article 5, chapter 2, section 1, requiring him to prosecute and defend for the city and county all actions at law or in equity, and to give advice to all officers, boards and commissions, and in article 7, chapter 3, section 1, subdivision 3, authorizing the board of education to require the services of the city attorney in all actions, suits and proceedings by or against it, it is the duty of the city attorney, when so required, to appear for and defend such board in all suits brought against it.

---

*For subsequent opinion in bank, see 139 Cal. 452, 73 Pac. 139.

City Attorney—Refusal to Defend Board of Education.—Under the charter of San Francisco, article 16, section 18, providing that any elected officer may be suspended by the mayor for cause, and that he "shall appoint some person to discharge the duties of the office during the period of such suspension," on the refusal of the city attorney to defend the board of education in a suit brought against it the board is not authorized to employ another attorney, but should notify the mayor of such refusal.

Board of Education—Power to Employ Counsel.—Political Code, section 1617, subdivision 7, authorizing boards of education and trustees of school districts to employ teachers, "janitors, and other employees of the schools," and subdivision 20, relating to the powers of trustees only, do not authorize a board of education to employ counsel to defend an action brought against it.

City Attorney—Duty to Defend Board of Education.—The charter of San Francisco, in requiring the city attorney to prosecute and defend suits by or against the board of education, does not impose any "school function" on him, but his "function" remains that of an attorney.

Board of Education—Power to Employ Counsel.—Under the charter of San Francisco, requiring the city attorney to defend the board of education in suits brought against it, and authorizing the mayor to suspend such attorney if he refuses to act, and appoint someone to act in his place, such board has no implied power to employ private counsel either in place of or to assist the city attorney to defend the board in a suit.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Petition for mandamus by William Denman against Reginald H. Webster, as superintendent of schools of the city and county of San Francisco. From a judgment for defendant the petitioner appeals. Affirmed.

William Denman for appellant; Carlton W. Greene for respondent.

HAYNES, C.—Appellant applied to the superior court of said city and county for a writ of mandate requiring the defendant, as such superintendent of schools, to draw his requisition upon the auditor of said city and county for the sum of $500, to be paid to appellant upon the order of the board of education. The defendant demurred to the petition, the demurrer was sustained, the writ denied, and the petitioner appeals.

The circumstances under which appellant's said services were rendered, as alleged in his petition, were that in October, 1900, the respondent, as superintendent of schools in said city and county, sued out an alternative writ of mandate to compel the board of education "to admit to its deliberations one W. D. Kingsbury"; that the said board of education made its order upon the city attorney requiring his services in its defense in said proceeding so brought against it; that "the city attorney, denying his jurisdiction to render said services," refused to render the same, and that the board of education thereafter employed appellant to defend it in said proceeding, and that he did defend said board and continued to do so until March 25, 1901, when judgment was rendered therein in favor of said board; that the board approved his demand for the said sum of $500, but respondent refused to make a requisition upon the auditor to issue a warrant therefor, and still refuses to do so. We think the demurrer was properly sustained. The charter provides for the election of a city attorney, and authorizes him to appoint four assistants. Article 5, chapter 2, section 2 (Treadwell's Charter, p. 132), provides: "He must prosecute and defend for the city and county all actions at law or in equity, and all special proceedings for or against the city and county. . . . . He shall give legal advice, in writing, to all officers, boards and commissions named in this charter, when requested to do so by them, or either of them, in writing, upon questions arising in their separate departments involving the rights or liabilities of the city and county." And among the powers of the board of education the following is specified: "To require the services of the city attorney in all actions, suits and proceedings by or against the board of education": Charter, art. 7, c. 3, sec. 1, subd. 8 (Treadwell's Charter, p. 266). The provision last above quoted, while declaring one of the powers of the board of education, also specifies a duty of the city attorney as effectively as if it had been embodied in the section first above quoted. The obvious purpose of the charter in providing for the election of a city attorney and prescribing his duties and compensation was to take from the various city officers and boards the power to employ other counsel and burden the city and county or school district with the payment of fees, to be fixed by the officer or board employing them, thus nullifying the charter provision, which impliedly limits the compensa-

tion for legal services rendered in all actions, suits and pro-
ceedings by or on behalf of the board of education to the
salary of the city attorney and his subordinates. At the
least, there is no power, express or implied, given by the
charter to the board of education to employ counsel and fix
his compensation. Appellant inquires, however, whether the
board is compelled to appear in person, the city attorney hav-
ing declined to defend the action. To this it may be replied
that the city attorney is not only the law officer of the city
and county as a municipal corporation, but is the law officer
of the board of education in all actions, suits and proceed-
ings by or against it; and section 18 of article 16 of the char-
ter (Treadwell, p. 376), provides: "Any elected officer, ex-
cept supervisor, may be suspended by the mayor and removed
by the supervisors for cause; and any appointed officer may
be removed by the mayor for cause. The mayor shall ap-
point some person to discharge the duties of the office during
the period of such suspension." The city and county having
assumed the responsibility of representing the board by its
law officer in all suits and proceedings by and against it, the
proper city authority should have been informed of the re-
fusal of the city attorney to represent the board, inasmuch as
the charter had provided for the emergency by an appoint-
ment of a city attorney during suspension.

Appellant also contends that subdivisions 7 and 20 of sec-
tion 1617 of the Political Code authorized the board of edu-
cation to employ counsel to defend said action. The first of
these subdivisions authorizes boards of education and trustees
of school districts to employ teachers, "janitors and other
employees of the schools," and to fix and order paid their
conpensation. The words "other employees" refer to persons
employed in or about the several schools and school buildings
in like character or capacity to those named. No such posi-
tion or employment as "attorney of the schools" has ever
before been suggested. Subdivision 20 refers to boards of
trustees, and not to boards of education.

As to appellant's contention that the city attorney is a mu-
nicipal, and not a school, officer, and that the charter can
impose no school function upon him, it is sufficient to say that
his office and his duties are created and defined by the char-
ter, and that in prosecuting and defending actions by or
against the board of education he exercises no "school func-

tion." His "function" is that of an attorney, no matter whom he represents, or what may be the character of the action. If appellant were employed to prosecute an action of ejectment to recover farming land, it could hardly be said he was exercising the functions of a farmer; or, if the property were a mine, that he exercised the function of a miner.

We have seen that no power has been expressly conferred upon the board of education to employ counsel, and we think it equally clear that it has no implied power to do so. This conclusion results from the fact that provision has been expressly made for counsel to represent it, and in case of the refusal of the city attorney to discharge that duty the charter provides for the appointment of another by the mayor during his suspension, so that there cannot be a vacancy in the office of such duration as to imperil the rights of the board. Appellant contends, however, that, even if the city attorney could have been compelled to defend the action, the board would have had the power to employ private counsel, and cites Hornblower v. Duden, 35 Cal. 670. In that case the board of supervisors of El Dorado county employed counsel other than the district attorney in certain important litigation, and this employment was sustained under the general power given to the board of supervisors "to do and perform such other acts and things as may be strictly necessary to the full discharge of the powers and jurisdiction conferred on the board," and the action of the board was sustained. But no such general powers have been conferred upon the board of education. "Boards of supervisors are creatures of the statute, and the authority for any act on their part must be sought in the statute": Modoc Co. v. Spencer, 103 Cal. 498, 37 Pac. 483. In that case it was held that the board of supervisors had no power to employ counsel on behalf of the county to prosecute or assist in the prosecution of criminal cases prosecuted in the name of the state, and any allowance for such services created no legal claim against the county. In Merriam v. Barnum, 116 Cal. 619, 48 Pac. 727, it was held that the power of the board of supervisors to employ special counsel to assist the district attorney in the prosecution or defense of suits to which the county is a party did not authorize the appointment of special counsel to advise the board, and mandamus would not lie to compel the auditor to draw a warrant therefor. Mr. Justice Henshaw concluded his

opinion in that case as follows: "However valuable the services of the appellant may have been to the county in this instance, to permit compensation for them would be to override the law, and to destroy one of the strongest safeguards cast about the expenditure of county funds." This language is equally applicable to the present case. The other cases cited by appellant mostly relate to the action of boards of supervisors under general and implied powers. None of them conflict with the conclusions we have reached upon the facts of this case, or the law applicable thereto. Dillon on Municipal Corporations, section 89, lays down the rule that "any fair, reasonable doubt concerning the existence of the power is resolved by the courts against the corporation, and the power is denied." In view of our conclusions upon the main question, it is not necessary to consider the special demurrers interposed to the complaint.

The judgment should be affirmed.

We concur: Gray, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.