R. E. SAMSON ET AL. *v.* TOWN OF GRAND ISLE ET AL.

October Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 2, 1906.

*Towns—High Schools—Instruction of, Advanced Pupils— Vested Rights of Taxpayers—School Directors—Manda- mus—No. 37, Acts 1904.*

The facts that a town accepted a gift of money given for the pur- chase of a specified building therein "for a graded school build- ing," and thereupon purchased said building with said money for that purpose, and then appropriated and paid money out of the town school fund for equipping it "for school purposes," and maintained a select school therein for two years, and voted, as- sessed, and collected taxes to pay the expense thereof, did not vest in the taxpayers of said town the right to have the town continue to maintain said school.

No right vests in methods and procedure when not a part of the right itself.

Maintaining this school was but the way the town voluntarily elected to furnish higher instruction to advanced pupils, and that way was not a part of the right to such instruction if such right then existed, and therefore the town could abandon that way at any time, and the school directors have no authority to continue said school against the will of the town.

Under § 2, No. 37, Acts 1904, it is discretionary with the school directors whether they will provide for the instruction of advanced pupils in the high school or schools of the town, or in the high schools or academies of other towns within or without the State; therefore, they cannot be compelled to select one course *instead* of another, but only to select one course *or* the other, if they should refuse to select either.

As it does not appear that the defendant school directors have refused to select either course, and the answer avers that they always have been and still are ready and willing to furnish high school instruction to all pupils of the town legally entitled thereto, and denies that they ever refused to do so, mandamus cannot issue to compel the establishment and maintenance of a high school by the town.

PETITION FOR MANDAMUS brought to the Supreme Court for Grand Isle County at its October Term, 1905. Heard at that term on petition and answer.

This is a complaint for a writ of mandamus to compel a high school in the town of Grand Isle. Only two of the board of school directors are made parties, and they appear and answer, but the town does not appear. The case was heard on complaint and answer by agreement.

The complaint alleges that there are a large number, to wit, twenty-five pupils in said town, eligible to enter a high school, and that among the relators are parents representing a large majority of said pupils; that in the summer of 1902 there was a desire among a majority of the voters in said town to establish a graded or high school therein, and that there was an old church in said town known as the South Church, which was for sale, and on July 19, 1902, at a special

town meeting duly warned and held for that purpose, among other things, the town appropriated $500 to buy said church for a school building, which vote has never been rescinded, but which appropriation has never been raised; that afterwards one Davis, a resident and taxpayer of said town, offered to give to it $500 to purchase said church provided a graded or high school should be maintained therein, and that on August 7, 1902, at a special meeting duly warned for that purpose, the town voted to accept said sum as a gift from said Davis, "to purchase the South Church for a graded school building," and appropriated sufficient funds to equip said building for school purposes; that immediately thereafter said Davis paid said sum to the town, wherewith it bought said church in accordance with said vote, and expended the sum of $300 of the school fund of the town in fitting it up for school purposes; that in the fall of that year the town established a high school in said building, and maintained the same therein that school year and the next, and paid the expenses out of the general school fund of the town, except a small part thereof, which was paid by the parents of pupils attending the school; that in April, 1904, at a special meeting duly warned for that purpose, the town voted not to maintain said school, which the complaint avers the town had no right to do, and that said vote was void and of no effect; and thereafter certain citizens of the town who were interested in said school formed an organization for maintaining it, and obtained from the school directors a lease of said building without rent, and maintained a high school therein that school year on the tuition plan, no part of the expense being paid out of the town school fund.

The complaint further alleges that at the annual meeting in 1905, the town again voted to establish and maintain a high school; that at a special meeting in April, 1905, the town

tabled an article to rescind said vote, and an article to pay the tuition of scholars attending said school; but that at a special meeting held May 27, 1905, said vote was rescinded, and at a special meeting held June 24, 1905, the town voted not to establish and maintain a high school; and the complaint denies the right of the town to rescind said vote, and avers that the votes of the said several special meetings since said annual meeting are void and of no effect.

The complaint further alleges that from the annual meeting in 1905 to the 15th of June, 1905, a high school was maintained in said building by certain citizens, as aforesaid; that from said annual meeting to the said 27th of May, the defendants Wilcox and Donaldson refused, and ever since have refused and still do refuse, to take any action towards maintaining said school, and have paid none of the expenses thereof; that the yearly cost of maintaining said school is between six and seven hundred dollars; that previous to its establishment, forty cents was the highest tax voted for school purposes; that in 1902 it was thirty-five cents; in 1903 and 1904, fifty cents; and in 1905, fifty-five cents; that during the school years 1902-3 and 1903-4, when the town maintained said school, the expense of the same was paid out of the general school fund, which was sufficient for that purpose and for all the other school expenses of those years, except what was paid by citizens as aforesaid; and that the average expense of the common schools has not materially increased for the last six years.

The complaint further alleges that at the annual meetings in 1904 and 1905, it was the intention of the relators and of all the other voters interested to have said school maintained, to have it maintained by the town, and the expense thereof paid as in 1902 and 1903, and that there is now in the hands of the town treasurer, collected and to be collected, the sum of $1800, voted and assessed for the purpose of maintaining

said school, and is enough to maintain it for two years; that the board of school directors consists of the defendants Wilcox and Donaldson and one Kinney, and that Wilcox and Donaldson have hitherto neglected and refused, and have given out in speeches that they intend to refuse, to open said high school during the coming school year, or to take measures to maintain it, or to pay the tuition of children of citizens of the town attending a high school in said town or elsewhere, but that Kinney is in sympathy with the relators, and would, if permitted by the rest of the board, take the necessary steps to open and maintain said school; and the relators aver that in consequence of the neglect and refusal of Wilcox and Donaldson, and of the votes at the special meetings since the annual meeting of 1905, they are unlawfully and unjustly deprived of the rights that vested in them in respect of said high school by reason of the premises and the laws of this State. The prayer is for a writ, commanding the defendants forthwith to take the necessary steps to open said high school, to employ competent teachers for the same, and to maintain said school, and for general relief.

The answer admits the purchase and fitting up of the South Church, as alleged, but denies that said gift was for establishing and maintaining a high school therein, but avers that it was only for graded school purposes; denies that the town ever established or maintained a high school therein, but admits that the school directors maintained a school therein in which were taught the more advanced pupils of the town, with others less advanced, but avers that the standard of the pupils' educational advancement as being entitled to high school privileges under the law was not considered; admits that when in April, 1904, the town voted not to maintain a high school, the school directors turned said building over to certain persons without rent, as alleged, who have and do

maintain a select school therein on the tuition plan; avers that the town contained only 857 inhabitants according to the latest public census taken by the authority of the United States, and first voted to establish and maintain a high school at the annual meeting in 1905, and admits that thence until that vote was rescinded in May, a period of two months and twenty days, the town was under liability to establish and maintain a high school; but avers that during all that time the question of whether that vote should stand was being agitated, for which reason the defendants did not deem it expedient to undertake immediately to establish or maintain a high school, but that they did intend within a reasonable and proper time to perform their full duty in the conduct of such high school agreeably to said vote; and denies that they ever neglected or refused to perform their whole duty in the matter; but avers that they are informed and believe that they are estopped from further proceeding to establish and conduct a high school because of the action of the town in rescinding the vote to establish one as aforesaid, and in subsequently voting not to maintain one.

The answer further avers that the defendants are ready and ever have been to furnish high school instruction to all the pupils of the town that are eligible under the law to high school privileges; and denies that they have ever refused, or given out in speeches that they intend to refuse, to furnish or pay for such instruction as is contemplated by the law; and denies that they have ever sought to deprive such pupils of any privileges secured to them by the law; and avers that the town has never voted a tax to maintain a high school, and that the increase of taxes alleged was not for that purpose, but was necessitated by the institution of longer terms of school, additional expense of maintaining them and providing for the instruction of advanced pupils as required by law.

*Lee S. Tillotson,* and *Alfred A. Hall* for the relator.

A writ of mandamus may properly issue against a town. *Leavenworth Co.* v. *Sellew,* 99 U. S. 624; *Davenport* v. *U. S.,* 9 Wall. 409; *Glencoe* v. *People,* 78 Ill. 382; *Chicago* v. *Sanson,* 87 Ill. 182; *Wren* v. *Indianapolis,* 96 Ind. 206; *State* v. *Milwaukee,* 25 Wis. 122; *Cooperrider* v. *State,* 46 Neb. 84.

Where a vote of a town is in the nature of a contract with an individual it cannot be reconsidered. *Cox* v. *Mt. Tabor,* 41 Vt. 28; *Nelson* v. *Milford,* 7 Pick. 18; *Jewett* v. *Alton,* 7 N. H. 253; *Brown* v. *Winterport,* 79 Me. 305.

*M. A. Bingham* for the defendants.

ROWELL, C. J. It is to be taken on the pleadings that the school maintained by the town in the building mentioned, was not a high school within the meaning of the statute, but was at most no more than a select school, a thing not known to the statute. But the relators claim that the status of the school is not material, because they say that the right to have and enjoy its privileges became vested in them and other taxpayers by the following acts of the town, namely: (1) by the acceptance of the gift from Davis with its conditions; (2) by the purchase of the church therewith "for a graded school building"; (3) by the appropriation and payment of money out of the town school fund for equipping said building "for school purposes"; (4) by the opening of said school, and the payment of the expenses thereof for the two years mentioned; and (5) by voting, assessing, and collecting taxes for maintaining the same. They say that while it is, by statute, for the school directors to regulate the expenditure of school money, and to determine the number and location of schools, yet that that authority must be exercised with sound legal dis-

cretion, and that if their discretion is abused and made to work injustice, as it is claimed it has been here, it may be controlled by mandamus.

As to the vested right claimed. Since the town was not bound by statute to establish and maintain said school, nor yet by the Davis gift, which called for a graded school, which this was not, the fact that the town appropriated and used school money to equip said building "for school purposes," and opened said school therein, and voted, assessed, and collected taxes to maintain it, and paid the expenses thereout for two years,—vested no right in the relators to have it continued, for it was but the way the town voluntarily selected, to furnish higher instruction to advanced pupils, and that way was not part of the right to such instruction, if any such right then existed, and therefore the town could abandon that way at any time, for no right vests in methods and procedure when not a part of the right itself.

This being so, abuse of discretion on the part of the school directors is not predicable of their refusal to continue said school against the will of the town, for they had no authority to do so.

As to the claim for a high school. No. 37 of the Acts of 1904 provides, among other things, that every town shall establish and maintain a high school, or furnish higher instruction for advanced pupils as therein provided; and that the board of school directors shall provide for the instruction of advanced pupils in the high school or schools of the town, in the high school of an incorporated school district or academy within the town, or in the high schools or academies of other towns within or without the State; provided the tuition paid for such instruction shall not exceed so much for such a time for each pupil.

It follows, therefore, it being discretionary which of the prescribed courses shall be selected, that those whose duty it is to select, cannot be compelled to select one course *instead* of the other, but only to select one course *or* the other, if they should refuse to select either. As it does not appear that they have thus refused, and as the answer avers that the defendant directors always have been and still are ready and willing to furnish high school instruction to all the pupils of the town that are eligible under the law to high school privileges, and denies that they have ever refused, or given out in speeches that they intend to refuse, to furnish or pay for such instruction as the law contemplates, and that they have never sought to deprive such pupils of any privileges secured to them by the law, a writ cannot issue for the establishment and maintenance of a high school.

*Complaint dismissed with costs.*