[No. 6145. Decided September 25, 1906.]

*In the Matter of Extending Howard Avenue North in the
City of Seattle.*

SEATTLE SCHOOL DISTRICT No 1, *Appellant*, v. THE CITY OF
SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENTS—
SCHOOL PROPERTY—EXEMPTION. The lots of a school district are sub-
ject to local improvement assessments under Laws 1893, p. 189, § 22,
requiring cities to levy the assessment upon all property in the
locality benefited by the improvement, in the absence of any ex-
pressed intent of the legislature to exempt such property, although
school property is not in express terms directed to be assessed.

SAME—TAXATION. Const., art. 7, § 2, exempting school district
property from taxation does not prohibit a special assessment against
the same to the extent of benefits from a local improvement.

Appeal from an order of the superior court for King
county, Morris, J., entered December 6, 1905, after a hear-
ing on the merits, overruling objections and confirming a
special assessment against school property for widening and
extending a street. Affirmed.

*Kenneth Mackintosh* and *R. W. Prigmore*, for appellant.
*Scott Calhoun* and *O. A. Tucker*, for respondent.

[1]Reported in 86 Pac. 1117.

CROW, J.—Under authority of the eminent domain act applying to cities of the first class, ch. 84, Laws 1893, p. 189, Bal. Code, § 775 *et seq.* (P. C. § 5050), and ordinance No. 10,850, enacted in pursuance thereof, the city of Seattle instituted this proceeding to condemn lands for the purpose of laying off, widening, and extending Howard avenue. An assessment district was created, and an assessment made upon real estate specially benefited, to pay for the property taken and the costs of the proceeding. Objections being regularly heard by the superior court of King county, said assessment was in all respects confirmed. Six lots owned by Seattle School District No. 1, benefited by said improvement, were assessed. The school district filed its objections to said assessment, and now appeals from the order of the superior court confirming the same.

It appears that appellant's lots were used exclusively for public school purposes. Therefore the controlling question involved in this appeal is whether they were subject to assessment, or, in other words, whether the city of Seattle had power, acting through its commissioners appointed by the superior court, to impose an assessment upon them. The appellant contends (1) that under the constitution and laws of this state, no authority either express or implied is conferred upon the respondent city to assess the property of said school district, and (2) that by the express terms of the charter and ordinances of said city, the property of the school district is exempt from such assessments. It must be conceded that the eminent domain act above mentioned, under which the city has proceeded, does not by its express terms affirmatively direct that the school district shall be assessed. Section 2 of said act does direct, however, that if the ordinance enacted by the city shall provide that such improvement shall be paid for wholly or in part by special assessment upon property benefited, the proceedings for making

such special assessment shall be as in said act prescribed. Section 22 provides:

"It shall be the duty of such commissioners to examine the locality where the improvement is proposed to be made, and the lots, blocks, tracts and parcels of land that will be specially benefited thereby, and to estimate what proportion of the total cost of such improvements will be of benefit to the public and what proportion thereof will be of benefit to the property to be benefited, and apportion the same between the city and such property, so that each shall bear its relative equitable proportion; and having found said amounts to apportion and assess the amount so found to be of benefit to the property upon the several lots, blocks, tracts and parcels of land in the proportion in which they will be severally benefited by such improvement.  .  .  ."

These sections and others in the act seem to contemplate that all benefited property located within the assessment district shall be assessed, without expressly excepting any property either public or private. The respondent contends that no such express exception having been made, appellant's property is liable. Appellant contends that, as the statute does not in so many words direct that public school property shall be assessed, authority to make an assessment does not exist, nor can it be implied. Well considered cases have been cited in the briefs supporting each of these contentions; there being an irreconcilable conflict of authority. Appellant, in support of its position, has cited, with others, the following cases: *Pittsburgh v. Sterrett Sub-district School*, 204 Pa. 635, 54 Atl. 463, 61 L. R. A. 183; *Clinton v. Henry County*, 115 Mo. 557, 22 S. W. 494, 37 Am. St. 415; *Sutton v. School of Montpelier*, 28 Ind. App. 315, 62 N. E. 710; *Louisville v. Leatherman*, 99 Ky. 213, 35 S. W. 625; *Witter v. Mission School District*, 121 Cal. 350, 53 Pac. 905, 66 Am. St. 33; *Harris County v. Boyd*, 70 Tex. 237, 7 S. W. 713.

The respondent cites, with others, the following cases: *Commissioners of Franklin County v. Ottawa*, 49 Kan. 747,

31 Pac. 788, 22 Am. St. 396; *Edwards & Walsh Const. Co. v. Jasper County*, 117 Iowa 365, 90 N. W. 1006, 94 Am. St. 301; *Higgins v. Chicago*, 18 Ill. 276; *Scammon v. Chicago*, 42 Ill. 192; *County of McLean v. Bloomington*, 106 Ill. 209; *Adams County v. Quincy*, 130 Ill. 566, 22 N. E. 624, 6 L. R. A. 155; *Sioux City v. Independent School District*, 55 Iowa 150, 7 N. W. 488; *Hassan v. Rochester*, 67 N. Y. 528.

Our view is that the authorities cited by the respondent are the best founded in reason. We think that said eminent domain act, under which the city authorities have proceeded, must be held to impose upon the commissioners a legal duty to assess the property of the appellant in proportion to the benefits received. There is no contention that the lots have been improperly included within the assessment district, or that they have not been specially benefited by the improvement. Had the legislature in enacting the law of 1893 intended to exempt public school property from its just proportion of the burdens of said special assessment, it is only reasonable to assume that such intention would have been expressly declared in the words of the statute. An exemption of any portion of the benefited property located within the assessment district would necessarily cause an increased burden to be imposed upon other benefited property located therein, and in view of this result we should refrain from adopting a construction of the statute which would relieve appellant's property, especially when there is no good reason for holding that such an exemption was intended by the legislature. In *Edwards & Walsh Const. Co., v. Jasper County, supra*, the supreme court of Iowa said:

"While authority to levy such assessments is traceable to the taxing power, they are nevertheless assessed on the theory that the property against which they are levied is benefited thereby to the extent of the levy, and the municipality acts as an agent, merely, in collecting the tax. The district improved

is never coextensive with the county or city, and it is not true that in paying the assessment the county must raise money to pay over to itself, and that no one would be benefited but the officers employed in the collection of the tax. There is no reason why the county, the city, or the school district should not pay for the benefits received by it the same as any other property owner. Of course, their property may not be sold, but there is no reason why the amount of the tax should not be paid out of the treasuries of these institutions; and, if the governing bodies fail to make payment, mandamus will lie to compel them to do so."

Appellant contends that section 2, art. 7, of our state constitution, exempting school districts from taxation, prohibits the respondent city from making such assessment. The word "taxation," as used in said section, does not include special assessments of the character here involved. The law is well settled that exemption from taxation does not mean exemption from special assessments. *Board of Improvement v. School District*, 56 Ark. 354, 19 S. W. 969, 35 Am. St. 108; *Commissioners of Franklin County v. Ottawa, supra; Clinton v. Henry County, supra; Edwards & Walsh Const. Co. v. Jasper County, supra.*

In *Seanor v. County Commissioners*, 13 Wash. 48, 55, 42 Pac. 552, this court said:

"   .   .   we think the overwhelming weight of authority is that the assessment for benefits in such cases does not fall under the definition of the word 'tax' as used in the constitution—that the word 'tax' has reference to general revenues for the purpose of maintaining and carrying on the government where the benefits are alike enjoyed by all, and where no special benefits, as in the case of the assessment for improvements, are enjoyed. Of course, the idea of compensation is the basis of all theories of taxation, but an element of special benefits enters into the one, and is the distinguishing feature between taxes and assessments for benefits."

In *Edwards & Walsh Const. Co. v. Jasper County, supra,* at page 381, the Iowa court, in summing up a discussion of this distinction between taxes and special assessments and in

commenting upon the power of a city to levy such special assessments against the property of a county, said:

"True, the right to levy these assessments is referable to the power of taxation, but statutes exempting property from general taxation are almost universally held inapplicable to special assessments. See cases heretofore cited. Reduced to its last analysis, the question is one of power in the city to levy the assessment against the county property. The statute giving the power is broad enough to cover lots or lands owned by municipal or *quasi* municipal corporations, and, if there be any exemption, it is to be implied, unless we hold with those courts which say that county or state property is not to be included unless expressly mentioned, or by necessary implication inferred. We are not disposed to apply this last-mentioned rule in construing our statutes. Such property is expressly exempted from general taxation, but no such exemption is made from special assessments. Even without a statute, property devoted to governmental use would not, in the absence of express authority, be taxed, and the fact that it is expressly exempted in one case and not in the other is strong evidence that the legislature did not intend to exempt it from special assessments."

Appellant further contends that subd. 3, of § 11, of art. 8, of the charter of the city of Seattle, and certain ordinances cited in the briefs, expressly exempt school districts from special assessments. We think said section of the charter and said ordinances do not apply to this case. Here the proceedings instituted by the city and culminating in the assessment complained of, are only authorized by the eminent domain act of 1893 above mentioned, while the charter and ordinance provisions relied on by appellant refer only to local improvements of an entirely different character. The statute under which these proceedings have been conducted must control in this case. The proceedings under consideration here were originally instituted before chapter 55, Laws 1905, page 84, was enacted; hence our discussion has been based entirely upon the law of 1893.

After a most careful consideration of all the assignments of error, and legal questions presented by the appellant, and having examined all the authorities cited by it, including its list of additional authorities supplemental to its opening and reply briefs, we are unable to conclude that any error has been committed by the honorable trial court. The judgment is affirmed.

MOUNT, C. J., DUNBAR, HADLEY, and ROOT, JJ., concur.
FULLERTON, J., dissents.