DAHL, et al., Appellants, v. INDEPENDENT SCHOOL DIS-
TRICT NO. 2, of Lawrence County, South

Dakota, Respondent.

(187 N. W. 638.)

(File No. 4989.    Opinion filed April 10, 1922.)

1. **School Districts—Enjoining Officers From Closing School, Con-
veying Pupils—Independent District, Right to Convey Pupils
to Another District—Statutes.**

   While no statutes specifically authorize independent school
   districts to furnish conveyance for pupils, yet under Sec. 7537,
   Code 1919, providing that independent school · districts shall
   possess the usual powers of corporations for school purposes,
   a power sufficiently broad to cover matter of transportation of
   pupils exists; especially in the light of Sec. 7456, as amended
   by Laws 1919, Ch. 76, providing that common school district
   electors at annual elections shall have authority to instruct the
   board in matters pertaining to management of schools for com-
   ing year, and among other things making it duty of district
   board to speedily execute all instructions receiving majority
   vote of electors, and to furnish, equip and supply all schools
   in district according to the several necessities thereof and con-
   ferring further discretionary powers upon the board, etc.; it
   being as necessary to provide transportation for pupils in an
   independent district as in common school district.

2. **Same—Resolution to Close School and Convey Pupils to Another,
   Whether Indivisible for Injunction Purposes.**

   A resolution adopted by an independent school district board,
   that a ward school be closed and pupils of first, second and
   third grades conveyed to the central school, is not indivisible so
   as to render the portion relating to closing the school a subject
   of injunction while leaving that portion referring to transporta-
   tion not subject to injunction.   So held, where grievance was
   based on the two grounds.

3. **Same—Closing School, Whether Abuse of Board's Discretion—
   Discretionary Power of Board, Non-interference With Except
   For Abuse.**

   An independent district school board did not exceed its dis-
   cretionary power in closing one of its ward schools pursuant
   to the board's resolution at a regular monthly meeting.   While
   such boards have only such powers as are expressly given or
   resulting by fair implication from powers expressly granted,
   they are usually given extensive discretionary powers in order
   to carry out general school system of state; and courts will
   not interfere with exercise of such discretion save to prevent
   abuse; the action of such board taken in reasonable exercise of

discretion and without fraud, not being subject to judicial review. And held, that, considering comparatively small number of pupils attending first ward school and cost of operating same, and the population, board did not abuse its discretion in closing the school.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Action by James E. Dahl, and others, taxpayers, citizens, and parents of Deadwood, against Independent School District No. 2 of Lawrence County, South Dakota, a school corporation, for a permanent injunction restraining defendant, its officers, etc., from closing said school or contracting for conveyance of pupils thereof from their homes to the third ward or central school. From an order sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

*Francis J. Parker,* and *Hayes & Heffron,* for Appellants.

*Rice & Wishart,* for Respondent.

ANDERSON, J. This action is instituted by certain taxpayers, citizens, and parents of children who have been attending the First ward school of Deadwood for the purpose of procuring a permanent injunction, restraining defendant, its officers and agents, from closing said school or entering into any contract for the conveyance of the pupils of said school from their homes to what is known as the Third ward or Central school.

Prior to the commencement of this action and on July 29, 1921, there was held a regular monthly meeting by the board of education of independent school district No. 2 of Lawrence county. At this meeting it was moved and seconded:

"That the First ward school be closed and pupils of first, second and third grades conveyed to the Central school."

Thereupon a petition was presented to the board by Hon. R. C. Hayes, who asked that the board listen to assembled representatives of the First ward in objection to the motion before the board, which was done. After extended arguments for and against the proposed action, the motion was put to a vote, with the result that three of the board members voted for the motion and two voted against it. The motion was declared carried. Thereafter the First ward school building was closed, and the pupils of the first, second, and third grades were conveyed to the Central school. This action on the part of the board of education

is attacked in the complaint on the ground that the board in its action was guilty of abuse of discretion. The complaint is voluminous, covering, as it does, more than 22·pages of appellants' brief; but we believe foregoing statement in substance sets forth the material facts.

To this complaint defendants interposed a demurrer on the following grounds:

(1) That complaint does not state facts sufficient to constitute a cause of action.

(2) That it appears upon the face of the complaint that there is a misjoinder of parties for the reason that the relief sought is against the board of education and not against the defendant.

(3) That the court is without jurisdiction for the reason that plaintiff's remedy, if any, was by appeal from the action of the board. This demurrer was by the trial court·sustained, and this appeal is taken from the order sustaining such demurrer.

Appellants' first contention is that the resolution passed, "that the school be closed and pupils of the first, second, and third grades conveyed to the Central school," is illegal for want of authority vested in the independent district to provide such conveyance.

It is further contended that the whole action, being taken on the theory that respondents had the power to transport the pupils, and the resolution being indivisible in character, the whole action must fail.

[1] It is true that there is no statute specifically authorizing independent school districts to furnish conveyance for pupils, yet by reference to section 7537, R. C., under the head of "General Powers of Independent Districts," we find this provision: "It (the independent district) shall possess the usual powers of corporations for school purposes." This provision, it seems to us, is broad and comprehensive and may well be deemed as covering the matter of transportation of pupils. This, we think, is especially so in the light of the provisions of section 7456, R. C., as amended by chapter 176, Laws 1919. To us there seems no natural reason why it should not be as necessary to provide transportation for pupils attending school in an independent district as it would be in the common school district. In fact, it is a mat-

ter of common knowledge that independent districts in point of area may be much larger than the common school district, and that hence the distances necessarily traveled to and from school might in a large part be more extensive than those in the common school districts.

[2]   Appellants urge that the resolution is indivisible; that the portion relating to closing the school and the portion having reference to transportation must of needs be taken together. With this we cannot agree.   Appellants base their grievance on two grounds:   First, the closing of the school.   Second, the provision for transportation.   The school could have been closed and yet no transportation provided.   The transportation might have been provided and the school not closed.

[3]   It is urged that the board abused its discretion in closing the school.   This, under the facts as shown, we deem not tenable.   To be sure, a board of education has only such powers as are expressly given to it or as result by fair implication from the powers expressly granted, and can enter into such contracts only as it is empowered expressly or impliedly to make.   It cannot engage in business or make contracts outside of its functions touching education.   Such boards are usually given extensive discretionary powers in order that they may be assisted in carrying out the general school system adopted by the state and thus promote the cause of education.   The courts will not interfere with such boards in the exercise of this discretion, except to prevent an abuse of it.   The action of a board of education taken in the reasonable exercise of its discretion and without fraud is not subject to judicial review.   Denman v. Webster (Cal.) 70 Pac. 1063; Id. 139 Cal. 452, 73 Pac. 139; Heyker v. McLaughlin, 106 Ky. 509, 50 S. W. 859, 51 S. W. 820; Harris v. Kill, 108 Ill. App. 305; Stevenson v. School Directors, 87 Ill. 255; Wright v. Rosenbloom, 52 App. Div. 579, 66 N. Y. Supp. 165; Sutton v. Montpelier, 28 Ind. App. 315, 62 N. E. 710; Snoddy v. Wabash, 17 Ind. App. 284, 46 N. E. 588; Wilie v. Commissioners, 51 Md. 401; State v. Gray, 93 Ind. 303; Board of Education v. Minor, 23 Ohio St. 211, 13 Am. Rep. 233; Com. v. Jenks, 154 Pa. 368, 26 Atl. 371; Heard v. School Directors, 45 Pa. 93; Samson v. Grand, 78 Vt. 383, 63 Atl. 180; Carling v. Jersey City, 71 N. J. Law, 154, 58 Atl. 395.

With this view we do not understand appellants to be at war. Taking into consideration the comparatively small number of pupils attending the First ward school and further the cost of operating the same, and also taking into account the population of the district, we cannot say from this record that the board abused its discretion in the closing of the school.

The order appealed from is affirmed.