Perry Lynn ANDERSON, a minor, by Ralph Anderson, his guardian ad litem, Plaintiff and Appellant,

v.

The SOUTH DAKOTA HIGH SCHOOL ACTIVITIES ASSOCIATION and its Board of Control, Defendant and Respondent.

No. 11827.

Supreme Court of South Dakota.

Dec. 3, 1976.

Phillip O. Peterson, Frieberg & Frieberg, Beresford, for plaintiff and appellant.

Richard D. Hagerty, Yankton, for defendant and respondent.

WINANS, Justice.

This is an appeal from an order dismissing a petition for a writ of prohibition against the South Dakota High School Activities Association (SDHSAA). Plaintiff sought to "absolutely restrain forever" the enforcement of SDHSAA rules and regulations. The trial court denied the writ. We affirm.

The matter was submitted to the court on stipulated facts. Plaintiff's son, Perry Lynn Anderson, was a junior at Irene High School. He desired to participate in cross country for that school, but to do so he was required to pass a physical examination to certify his health. He requested that a licensed chiropractor be allowed to administer this examination, but the request was denied pursuant to Article I, Section 11 of the constitution and bylaws of the SDHSAA.[1]

Section 11 sets out the rule that physical examinations must be administered by a licensed doctor of medicine or by a licensed, four-year college trained osteopath. The rule was adopted in accordance with the constitution and bylaws of the SDHSAA and has been uniformly applied. For three consecutive years prior to 1975 attempts were made to amend the rule to allow licensed chiropractors to administer the physicals, but those attempts were unsuccessful.[2] The Irene Independent School District, through its governing body, ratified the SDHSAA constitution and bylaws on or about July 14, 1975.

The SDHSAA is a voluntary, nonprofit association whose membership is open to all public and private accredited high schools in the state. It is the association's function to direct and coordinate the interscholastic activities of member schools. The SDHSAA is governed by a Board of Control composed of high school administrators and board of education members.

After Perry's request to have a chiropractor perform the examination was denied, his father was appointed guardian ad litem for the purposes of this action. Plaintiff was granted an alternative writ of prohibition enjoining the SDHSAA from taking any further actions concerning Perry's eligibility until a final determination of the issues was made. Defendant was ordered to show cause why the writ should not be made permanent, and the SDHSAA enjoined from enforcing its rules and regulations. A hearing was held on stipulated facts and briefs were presented by both sides. The trial court vacated the alternative writ and denied the petition for a permanent writ. This appeal followed.

The controversy centers around SDCL 13–36–4. That statute provides:

"The school board of a public or the governing body of a nonpublic school, approved and accredited by the superintendent of elementary and secondary education, may delegate, on a year to year basis, the control, supervision and regulation of any and all high school interscholastic activities to any association which is voluntary and nonprofit; provided that membership in such association is open to all high schools approved and accredited by the Superintendent of elementary and secondary education pursuant to the provisions of this title, and that the constitution, bylaws, and rules of the association are subject to ratification by the school boards of the member public school dis-

---

1. "SECTION 11. DOCTOR'S HEALTH STATEMENT. Each school year every student, before being allowed to participate in interschool athletics, shall be certified as to the adequacy of his/her health for such participation, by a duly licensed doctor of medicine or a duly licensed four-year college trained osteopath, on official blanks furnished by the Executive Secretary. The date of such required health certification shall be one of the entries on the annual report of student athletic partici-

pation made to the Executive Secretary by each member school."

2. Amendment of SDHSAA rules requires a two-thirds majority of those members voting. SDHSAA Const., Art. IX, § 5. The votes cast on the proposed amendment were as follows:

| | | | | |
|---|---|---|---|---|
| 1972— | Yes | 81 | No | 119 |
| 1973— | Yes | 109 | No | 95 |
| 1974— | Yes | 88 | No | 119 |

tricts and the governing boards of the member nonpublic schools and include a provision for a proper review procedure and review board.

Any association which complies with this section is hereby authorized and empowered to exercise the control, supervision, and regulation of interscholastic activities, including interscholastic athletic events of member schools. Such association is hereby further authorized and empowered to promulgate reasonable uniform rules, to make decisions and to provide and enforce reasonable penalties for the violation of such rules."

It is plaintiff's contention that this statute is an unconstitutional delegation of power to the SDHSAA. The trial court held that SDCL 13–36–4 was not an unlawful delegation; instead, it is a valid exercise of the power of the legislature to establish and maintain a general and uniform system of public schools.

■ Establishment and maintenance of a system of public schools was directed by this state's Enabling Act. Act of February 22, 1889, Ch. 180, 25 Stat. 676. The duty to establish and maintain public schools and to secure to the people the advantages and opportunities of education was placed with the legislature. S.D.Const., Art. VIII, § 1; *Aberdeen Ed. Ass'n v. Aberdeen Board of Education,* 1974, S.D., 215 N.W.2d 837. We have held that the legislature's control over education is unlimited and free from judicial interference except as tempered by the state and federal constitutions. *South Dakota High School Interscholastic Activities Ass'n v. St. Mary's Inter-Parochial High School of Salem,* 1966, 82 S.D. 84, 141 N.W.2d 477.

■ The legislature has seen fit to delegate the providing of educational opportunities and services to the various school boards. SDCL 13–8–1. School boards have general powers to direct and manage the schools of their districts. SDCL 13–8–39. Concerning the powers of those school boards, this court said in *Dahl v. Independent School District No. 2,* 1922, 45 S.D. 366, 187 N.W. 638:

"To be sure, a board of education has only such powers as are expressly given to it or as result by fair implication from the powers expressly granted, and can enter into such contracts only as it is empowered expressly or impliedly to make. It cannot engage in business or make contracts outside of its functions touching education. Such boards are usually given extensive discretionary powers in order that they may be assisted in carrying out the general school system adopted by the state and thus promote the cause of education. The courts will not interfere with such boards in the exercise of this discretion, except to prevent an abuse of it. The action of a board of education taken in the reasonable exercise of its discretion and without fraud is not subject to judicial review." 187 N.W. at 639.

SDCL 13–36–4 is simply an example of a delegation of discretionary power to the school boards of the state.

■ There can be little doubt that control over interscholastic activities lies within the discretionary power of a school board. Such activities supplement the curriculum required by law. See SDCL 13–33–1; ARSD 24:03:06:07; 24:03:06:11. The extent to which such activities are offered or what eligibility standards must be met for participation is the responsibility of the school board. *Scott v. Kilpatrick,* 1970, 286 Ala. 129, 237 So.2d 652; *Starkey v. Board of Ed. of Davis County Sch. Dist.,* 1963, 14 Utah 2d 227, 381 P.2d 718.

■ What the legislature has done in this instance is grant school boards the discretion to permit any voluntary, nonprofit association that meets the requirements of SDCL 13–36–4 to control, supervise, and regulate inter-scholastic activities. The school board is free to exercise that discretion as it sees fit. There has been no delegation of governmental powers to the SDHSAA. The delegation was made to the school boards. Theirs is the statutory duty to ratify any rules and regulations. The statute simply sets out the parameters

within which the member schools may function as an association.[3]

■ Neither can it be said that there has been an unlawful redelegation by the school boards to the SDHSAA. The rules of the association are in reality the rules of the member school boards. By becoming a member of the association, the school board chooses to make the rules its own. Nothing compels membership; nothing prevents a school board from withdrawing from the SDHSAA should an undesirable rule be adopted. *Quimby v. School District No. 21 of Pinal County,* 1969, 10 Ariz.App. 69, 455 P.2d 1019.

■ If officials of a school desire to associate with other schools and prescribe eligibility standards for student participation in interscholastic activities, and member schools vest enforcement of those rules with the association, then a court should not interfere in the internal affairs of that association. *State ex rel. Missouri State High School Activities Ass'n v. Schoenlaub,* 1974, Mo., 507 S.W.2d 354; *Scott v. Kilpatrick, supra; Quimby v. School Dist. No. 21 of Pinal County, supra; Brown v. Wells,* 1970, 288 Minn. 468, 181 N.W.2d 708; *Tennessee Secondary Sch. Athletic Ass'n v. Cox,* 1968, 221 Tenn. 164, 425 S.W.2d 597; *Robinson v. Illinois High School Association,* 1963, 45 Ill.App.2d 277, 195 N.E.2d 38; *Starkey v. Board of Ed. of Davis County School Dist., supra; State ex rel. Ohio High School Athletic Ass'n v. Judges of Court of Common Pleas,* 1962, 173 Ohio St. 239, 181 N.E.2d 261.

" 'In the absence of any evidence of fraud or collusion, or that the defendants acted unreasonably, arbitrarily, or capriciously, the Athletic Association must be, under the authorities cited, permitted to enforce its rules and orders without interference by the courts.' " *State ex rel. Missouri State High School Activities Association v. Schoenlaub,* 1974, Mo., 507 S.W.2d 354, 358, *quoting Robinson v. Illi-*

*nois High School Association,* 1963, 45 Ill.App.2d 277, 195 N.E.2d 38, 43.

We have considered plaintiff's contentions and we find no merit to the assertion that there has been an unlawful delegation of legislative power to the SDHSAA. Any legislative delegation found in SDCL 13–36–4 goes only to school boards. The SDHSAA is a voluntary, nonprofit association; we are not presented with circumstances that would justify judicial interference with the internal affairs of that association.

Affirmed.

All the Justices concur.

---

3. The SDHSAA is a creature of contract rather than legislation. Although SDCL 13–36–4 mentions an association, it clearly does not create the SDHSAA as plaintiff's brief indicates. The association predates the statute by several years.