# Heard *et al. versus* The School Directors of Woodcock Township.

*Power of court to remove school directors.— Consolidation of school districts not reversed if reasonably exercised.*

1. The power of the Quarter Sessions to remove school directors from office, is limited by the 9th section of the Act of May 8th 1854, relating to common schools.
2. The temporary consolidation of schools in a district is a matter of discretion of the board of directors, and when reasonably exercised will not be interfered with by the courts.

CERTIORARI to the Quarter Sessions of *Crawford county*.

This was a proceeding in the court below, founded on the petition of James A. Heard, and five other taxable citizens of Blooming Valley School District, in Woodcock township, Crawford county.

The petition, which was filed May 10th 1862, set forth:—
"That the petitioners are citizens and residents; that J. W. Cummings, William Lang, William Ballet, Russel Harroon, Wil-

[Heard *et al. v.* School Directors.]

liam George, and David Cole, school directors in and for the
township of Woodcock aforesaid, and which embraces the school
district No. — as aforesaid; that the said directors, by virtue
of authority vested in them as directors duly qualified and acting
as such in the premises, have resolved upon such action as, if
carried out, will deprive the citizens taxable of the village of
Blooming Valley, interested in the correct application and appro-
priation of the school-fund in such locality, of their rights and
privileges under the School Law, by refusing them a teacher,
and denying them a school in such Blooming Valley District the
coming summer, and compelling them by an arbitrary and un-
authorized order to send their children to a school-house in an
adjoining district, or in default to forfeit all right to any and all
participation in the school-fund in their vicinity, and the advan-
tages connected therewith and flowing therefrom—Praying for a
citation directed to the directors aforesaid, commanding them to
appear upon a day fixed and certain, and show cause, if they
can, 'why their seats should not be declared vacant, and others
appointed in their places, and such other and further orders be
made as will effectually and completely secure your petitioners
and others to you not named, but alike interested, the enjoyment
of their legal rights in the premises, and to the more effectual
protection of the rights of your petitioners in the premises may
it please your honour to order and direct an admonitory order
to issue to the defendants, commanding them to suspend all
action in the premises until the hearing in this case, or the
further order of this court,' " with the usual affidavit.

On the 19th of May 1862, the school directors appeared and
filed their answer, justifying their action in the premises, insist-
ing that it was entirely free from partiality, and, in their judg-
ment, best for the interests of all concerned, but offering to
establish another school in Blooming Valley, if the court should
deem the action of the board injudicious.

The court appointed G. W. Hecker, Esq., to take testimony and
report the facts, who reported that "two school districts (the
Cowan and Blooming Valley) adjoining each other were consoli-
dated into one last spring and summer by the respondents, refusing
to allow a school in the Valley. This was opposed by the com-
plainants. There was no school in the Valley last summer. There
is one now, which commenced last December. There is a sufficient
number of pupils in the valley to warrant a school there as well
in the summer-time as in the winter-time, and a house large and
convenient enough to accommodate them. This district was
made in 1851, and teachers employed there from that time till
last summer, when the school in the Valley was united with the
Cowan district. The distance from the Valley to the Cowan
house is increased from a half to three-quarters of a mile.   A

number of families in the Valley were without a school last summer on account of this arrangement. There are no graded schools in this township. The directors of this township, in several instances heretofore, have consolidated districts in the summer-time, where no objections were made. The Cowan house is a larger, newer, and better house than the Valley house. The Valley house is a good second-class frame house, and convenient for all pupils of the Valley. Exhibits of the average number of pupils attending these schools were returned, and made a part of his report. A large majority of the citizens of the Valley desired a school there last summer. The Valley school is one of the largest in the township."

On hearing, the court below (JOHNSON, P. J.) dismissed the petition on the ground that there was nothing in the case, as presented by the evidence, to give the court jurisdiction, or authorize its interference with the exercise of that discretion which the law has vested in the directors; which was the error assigned.

*Pettis* and *Davis*, for complainants.

*Finney* and *Douglas*, for respondents.

The opinion of the court was delivered, October 26th 1863, by
WOODWARD, J.—The power of the Quarter Sessions to remove school directors is defined in the 9th section of the Act of 8th May 1854, relating to common schools, Purd. 168, and we think that the complainants did not bring their case within that section. What they complain of is not the refusal or neglect of all the directors of Woodcock township to perform their duties, but of the manner of performance. They consolidated the schools of Blooming Valley and of the Cowan House for the summer of 1861. This was the wrong complained of.

That it was a matter of discretion for them is shown by the letters of the state superintendent, and that it was exercised upon a sufficient basis of facts is shown by the proofs and exhibits, and by the opinion of the learned judge. There is some ground to doubt the legal existence of such a sub-district as that of Blooming Valley, but if it were a legally existing district, there was no hardship in taking its pupils into the adjoining district for the summer, where the average attendance of both the schools did not exceed thirty-four, and the utmost distance that any pupil had to travel was a mile and a half. That number of scholars is not unreasonable for a single school, nor is that distance excessive over a good summer road.

The clearly vested discretion of the directors seems therefore to have been reasonably exercised, and consequently the court had no legal authority to remove or restrain them.

The decree is affirmed.