## Commonwealth ex rel. Sherry, Appellant, *v.* Jenks.

[Marked to be reported.]

*School law—Discretion of board of education.*

The courts have no supervisory control over the exercise of the discretion of the board of education of Philadelphia, unless it clearly appears that there has been an abuse of discretion in the particular case brought to the attention of the court.

*Mandamus—Qualification of supervising principal.*

A writ of mandamus commanding the board of public education of the city of Philadelphia to certify the election of a supervising principal is properly refused where the respondents aver in their return to the alternative writ that, at the time of their refusal, relator had not had five years approved experience as a teacher in the public schools.

A rule of the board of public education requiring of an applicant for the position of supervising principal five years of approved experience as a teacher, and that this experience shall be certified to by the superintendent in office at the time the appointment is to be made, is a reasonable rule.

*Regulation of grade of schools—Transfer of schools.*

The regulation of the grade of schools and the transfer of a school from one grade to another, are within the discretion of the board of public education, and this discretion will not be reviewed by the courts, except in cases of manifest abuse.

*Women as supervising principals.*

It does not follow, because a woman is eligible to the office of supervising principal, under article x, § 3, of the constitution, that the board of public education is bound to elect her to that position, because she is a candidate.

Her eligibility does not take away or limit the discretionary powers of the board in determining who should be appointed. There may be several applicants for the place equally eligible under the law and the rules of the board relating to qualifications and experience; and yet there may be good reasons growing out of personal habits or peculiarities, out of the

state of health, the temperament, the skill and success in the government of pupils, or other differences known to the board to exist between them, that should determine their choice decidedly, and lead to the selection of one in preference to all others. For a choice so made they are not bound to give a reason to the disappointed applicants; and if one of them is a woman, it by no means follows that her sex is the ground for her failure: Per WILLIAMS, J.

Argued March 21, 1893. Appeal, No. 182, Jan. T., 1893, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., March T., 1892, No. 637, refusing peremptory writ of mandamus. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Petition for mandamus.

The relator filed her suggestion April 2, 1892, setting forth the respective rights and duties of the board of controllers of the city of Philadelphia and the school directors of its several school districts, touching the election of a supervising principal of the John Moffet Combined Grammar School of the Seventeenth district, and that she had been duly elected thereto by the school directors, who had certified that fact with her name and grade to the controllers, whose duty it was to certify the same to the city controller, which the controllers refused to do, and praying for a mandamus directing them to do so.

An alternative mandamus was duly issued, to which defendants answered that they had refused upon the grounds, (1) because she had not then had five years of approved experience as a teacher, as provided by their by-laws, her experience having been prior to 1881; (2) because of her sex; and (3) because the controllers had destroyed the office of supervising principal by regrading the John Moffet School.

The relator filed a replication, averring that she then had the requisite qualification of five years of approved experience provided by their by-laws, and that they had never issued any special certificate of that experience, but always issued the supervising principal's certificate, if the holder had that experience, and if not, did not issue that certificate without suspending those by-laws. She also filed a demurrer, that the controllers had no right to refuse on account of her sex and no right to

regrade the school, without the request or approval of the school directors.

Defendants at the hearing filed an affidavit of Mr. Abbott, a defendant, setting forth that Mr. Brooks, their new superintendent, had, March 14, 1892, reported: " I find, on examination of the records of the school department, that she has not been teaching in the public schools of the city since December 30, 1881. Since that time the work of instruction in our public schools has been completely reorganized. A new course of study has been adopted by the board and new methods of teaching introduced into the schools. In view of the fact that Miss Sherry's term of service in the public schools expired before these changes were made, I am unable to certify that she is qualified to act as supervising principal of any public school of the city."

The court below, BIDDLE, J., refused the writ (in an opinion, reported 1 Dist. R. 481) on the ground of her alleged want of a requisite certificate of five years' approved experience.

Thereupon the relator filed a petition for a rehearing, and an amended petition, setting forth that the facts on the face of the pleadings showed that she had the requisite experience, and that she had since discovered that Superintendent Mac-Alister, had in 1886, when she received her supervising principal's certificate, certified to their committee on qualification of teachers that she had had more than five years' approved experience as a teacher, which that committee then reported to the controllers, with their superintendent's said certificate as required by their by-law, and recommended that she should receive her supervising principal's certificate, which report was adopted by the controllers, and thereon that certificate issued to her. The court below refused to modify its order, without any opinion.

The relator thereupon entered a formal rule on defendants to show cause why that issue of fact, whether she had the requisite qualification of five years' approved experience, should not be placed on the trial list for trial. Rule discharged.

By-law xxiv provides, in part, as follows: " When the holder of a supervising principal's certificate also holds the principal's certificate heretofore mentioned in the provisions of this by-law, and has not less than five years of approved expe-

rience as a teacher in public schools (which shall be certified to by the superintendent of schools), he or she shall be eligible to the position of supervising principal or vice principal of any school or combination of schools which may be organized under the provision of rule XXII."

*Errors assigned* were (1) refusal of writ; (2) refusal of re-argument; and (3) discharge of rule for issue.

*Wm. A. Hayes* and *John G. Johnson, Crawford & Loughlin* with them, for appellant.— The board of education have no power to elect teachers.   This power belongs to the sectional boards : McManus v. School Controllers, 7 Phila. 23 ; Chestnut v. City, 41 Leg. Int. 232.

The adoption of any rule excluding a woman from the position of supervising principal violates art. x, § 3, of the constitution, which provides that " women twenty-one years of age and upwards shall be eligible to any office of control or management under the school laws of this state."

The controllers had no authority to destroy the office of supervising principal by regarding the schools without the consent and against the wishes of the sectional board of school directors, expressly for their declared purpose.   Even by so regarding the controllers cannot deprive the relator of her current yearly employment and salary.

Defendants have not pleaded sufficient facts touching her five years of approved experience to justify their refusal to certify her election, name, and grade to the city controller on that ground.

If they have pleaded such sufficient facts, the court below erred in discharging the rule for an issue.

*James Alcorn, Charles F. Warwick* with him, for appellees.— The board of public education has power to elect teachers.

The return of the board of public education, that the appellant was not duly qualified and for that reason they refused to certify her name to the city controller, is conclusive.   The act of 1865 requiring the board of school control to examine applicants as teachers and to certify as to their qualifications, and also certify their name and grade to the city controller, placed

upon the board of public education a discretion. The duty was not merely a ministerial one, and it was not in the power of the court to compel the board of public education, against their own judgment, to certify the name of the appellant to the controller. The certificate of the superintendent of schools was discretionary with that official. It was to be exercised upon his judgment and knowledge. It has been so often decided that the court will not, by mandamus or injunction, compel the exercise of a discretion, that a reference to a few of the authorities will be sufficient: School Directors v. Anderson, 45 Pa. 388; Dechert v. Com., 113 Pa. 229; Findlay v. Pittsburgh, 82 Pa. 51; Douglass v. Com., 108 Pa. 563.

To award the issue asked would be substituting for the judgment of the superintendent of schools and of the board of public education the verdict of a jury.

OPINION BY MR. JUSTICE WILLIAMS, April 24, 1893:

The relator applied for, and obtained, a writ of alternative mandamus directed to the defendants, requiring them to show cause why they should not "certify the name and grade of your petitioner Margaret T. Sherry, as supervising principal of the said John Moffet mixed grammar and primary school, to the controller of the city of Philadelphia and approve her selection as such." The respondents made answer to the writ, submitting to the court three reasons why they ought not to be commanded to make the certificate asked for. These were, first, that the relator had not shown herself to have the amount of approved experience as a teacher in the schools of the city required by the rules of the board of public education; second, the opinion of the board that the supervising principal in schools in which boys are taught in the grammar grades should be a man; and, third, that the John Moffet school had been changed in grade by recent action of the board so that a supervising principal was not necessary to the equipment of the school. We do not deem it necessary to enter upon a discussion of the reasons thus urged upon the attention of the court below, nor of the extent of the change in the eligibility of women to offices of "control or management under the school laws of the state" by virtue of sec. 3, art. 10, of the constitution. It will be sufficient to state briefly the conclusions we have reached, and that disposes finally of the plaintiff's contention in this case.

First. If it be conceded that the office of supervising principal is an office of control or management within the meaning of the constitutional provision, a question that it is quite unnecessary now to consider, and that Miss Sherry is therefore eligible to that office, her eligibility does not take away or limit the discretionary powers of the board in determining who should be appointed. There may be several applicants for the place equally eligible under the law and the rules of the board relating to qualifications and experience; and yet there may be good reasons growing out of personal habits or peculiarities, out of the state of health, the temperament, the skill and success in the government of pupils, or other differences known to the board to exist between them, that should determine their choice decidedly, and lead to the selection of one in preference to all others. For a choice so made they are not bound to give a reason to the disappointed applicants; and if one of them is a woman it by no means follows that her sex is the ground for her failure.

Second. The rule requiring five years of approved experience as a teacher, is a rule the evident purpose of which is to secure a familiar acquaintance with the system of instruction in actual use in the city on the part of all supervising principals. This is a reasonable rule. In its application there is no hardship in requiring that this experience shall be certified to by the superintendent in office at the time the selection or appointment is to be made, so far as his term of service extends over the years of experience required by the rule.

Third. The regulation of the grade of schools and the transfer of a school from one grade to another is within the powers, and it is among the duties, of the board. When, and under what circumstances, a given school shall be transferred from one class to another is a subject to be considered upon the circumstances affecting the school at the time, and to be determined in the exercise of a sound official discretion. Over the results of the exercise of such discretion we have no supervisory control, unless it clearly appears that there has been an abuse of discretion in the particular case brought to our attention.

Fourth. We do not see that the question of sex is an important one in the determination of this case. No woman should

be excluded from any position she is competent to fill because of her sex, and if we may judge from the figures before us, showing the great majority of the teachers in Philadelphia to be women, we should conclude that the board of education were of the same opinion. No woman qualified for supervising principal should be refused appointment because of sex alone. In balancing the arguments for and against an appointment to a particular school, the board of education may, and they could not intelligently dispose of the question if they did not, consider the sex and age of the pupils ; the kind of treatment necessary to the enforcement of proper discipline ; the measure of physical strength ; the facility and experience in the management of pupils on the part of each of the applicants ; and in so far as the sex of the applicant might seem likely to help, or to be in the way of success in the maintenance of the discipline necessary for the good of the school, it may be considered with the other qualifications, and help to determine the choice. Standing by itself it is neither a controlling qualification nor disqualification. It is a circumstance that may be helpful with some pupils, or in schools of a particular grade, and not helpful with other pupils or in other schools. The question of eligibility is one thing. The selection among a class of eligibles is quite another. Sex ought not to affect the first, it may help under some circumstances to determine the last. The clause in the constitution, if applicable to this case, removes any barrier in the way of the selection of the plaintiff which her sex might otherwise have presented, so that she may apply for any office of control or management under the school laws, and be legally competent to hold it if appointed to it. It does not require that she shall be appointed if she becomes a candidate.

These conclusions require us to affirm the order of the court below refusing the peremptory writ.