## TRUSTEES OF CHILICOTHE INDEPENDENT SCHOOL DIST. v. DUDNEY.

(Court of Civil Appeals of Texas. Amarillo. Dec. 30, 1911.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 61*)—PUBLIC SCHOOLS—SUPERINTENDENT OF PUBLIC INSTRUCTION.

Under Acts 29th Leg. c. 124, § 25, providing that the Superintendent of Public Instruction shall have the right to hear and determine all appeals from the decisions of subordinate school officers, an appeal to, and a decision by the superintendent is a condition precedent to a right of any party complaining of the decisions of a subordinate officer to bring the matter in controversy before the courts.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 61.*]

2. APPEAL AND ERROR (§ 1008*)—REVIEW—FINDINGS.

A finding by the trial judge that 30 days was a reasonable time for a party to perfect an appeal to the Superintendent of Public Instruction will be deferred to on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3978; Dec. Dig. § 1008.*]

Appeal from District Court, Hardeman County; S. P. Huff, Judge.

Suit by the Trustees of the Chilicothe Independent School District against R. L. Dudney. From a decree refusing an injunction, plaintiffs appeal. Affirmed.

Fires, Decker, Clarke & John, for appellants. Berry & Stokes, J. C. Marshall, and L. P. Bonner, for appellee.

HALL, J. This is an appeal from an order of the district judge, refusing the appellants an injunction. The substance of the controversy is that appellants dismissed appellee from his position as superintendent of the Chilicothe schools upon certain charges filed against him by the grievance committee of the school board, such dismissal being made on the 21st day of October, 1911. On October 31st following, the petition for injunction was presented to the court while in session in Foard county, and the judge being unwilling to act upon the petition ex parte set the matter for hearing on November 10th, at which date all of the parties appeared and the following order was made: "November 10, 1911. On this day came on to be heard the application of the relators herein for injunction in chambers, and after the reading of the petition and the answer, and hearing the testimony thereon, I find that the respondent Dudney is seeking to make an appeal to the Superintendent of Public Instruction at Austin, Texas, and that he has been, since being notified of his discharge, reasonably diligent in trying to perfect his record for appeal. I am of the opinion that he is entitled to thirty days from and after the 23d day of October, 1911, in

which to perfect his appeal, and that for this reason the injunction prayed for should not be granted, and for said reason I refuse it at this time; but it is not intended by this order in any way to suggest or control the action of the State Superintendent of Public Instruction as to the reasonableness of time for perfecting the appeal in said case, and in which he shall consider same but in so far as this order is concerned he shall be left free as to his judgment and opinion."

[1] This is the fourth appeal during the last four months growing out of the controversy between the parties to this suit, and the record shows a deplorable state of affairs existing in that community, which is not at all conducive to the welfare of the children attending said school. The public interest demands that the disturbance shall be settled at the earliest possible moment. Under the Act of 1905, p. 263, § 25, the Superintendent of Public Instruction has the right to hear and determine all appeals from the rulings and decisions of subordinate school officers, and the rule established by the courts is that such appeal and decision is a condition precedent to the right of either party to bring the matter in controversy before the courts. McCollum v. Adams, 110 S. W. 526.

[2] Section 70 of the act referred to above provides that "any teacher who has been dismissed by the trustees shall have the right of appeal," but the time in which such appeal shall be prosecuted or the procedure relating thereto is nowhere prescribed. Section 27 of the act provides that the State Superintendent is empowered in all cases that may arise, in which the law has made no provision, and where necessity requires some rule in order that there may be no hardship to individuals and no delays or inconvenience in the management of school affairs, to issue instructions and regulations which shall be binding upon the officers and teachers. There is nothing in the record showing any rule of the State Superintendent determining what is or shall be reasonable time in which appeals of this character shall be prosecuted. In the absence of any such rule, the sole inquiry then is: What is a reasonable time under all conditions surrounding the instant case? The district judge, after a full hearing, has decided that 30 days was a reasonable time within which appellee herein should have prosecuted his appeal to the State Superintendent. By reason of the chaotic condition of the affairs existing in the Chilicothe school, appellee should have prosecuted his appeal with all reasonable dispatch. It appears from the record before us that the transcript of the proceedings which appellee transmitted to the State Superintendent consisted of about 75 pages of typewritten matter; that a stenographer had been employed at the time of the trial, and that he had been requested since the trial more than once by appellee to hasten his preparation of the record. While it seems to us that the record might have been procured and forwarded to the State Superintendent within less time than 18 days, we are not prepared to say that the decision of the trial judge, who heard all the evidence, in fixing a reasonable time for an appeal at 30 days, is improper, and we do not for that reason feel authorized to disturb his finding. The order refusing the injunction is therefore affirmed.