## ABSHIRE et al. v. STATE ex rel. MARRS et al. (No. 1095.)*

(Court of Civil Appeals of Texas. Beaumont. March 17, 1924. Rehearing Denied March 26, 1924.)

1. **Schools and school districts ⬤⟿47—Time for appeal to educational departments.**

There is no given time within which as a matter of law an appeal must be perfected from one educational department to another but the facts of each particular case must be looked to, and and the aggrieved party must with diligence prosecute his appeal, having due regard to the rights of his opponent and the interests of the general public.

2. **Schools and school districts ⬤⟿47—Whether appeal from state board abandoned held question of fact.**

Where final order was made by the state board of education on October 17th, and aggrieved party filed answer to petition for mandamus to enforce the order of the board on the 26th day of November following, thereby delaying 39 days in perfecting an appeal from the decision of the board, *held*, that it cannot be said as a matter of law that an unreasonable time elapsed and that defendants had abandoned an appeal.

3. **Schools and school districts ⬤⟿47—Conclusiveness of decision of state board of education on appeal.**

When the state board of education renders a decision on appeal after hearing both parties to the controversy, from which decision there is no appeal, it is conclusively presumed that all facts which might have been urged against the judgment, or against an application for mandamus to enforce said judgment were heard and disposed of by the state board of education.

Appeal from District Court, Liberty County; J. M. Combs, Judge.

Petition for mandamus by the State, on the relation of S. M. N. Marrs and others, against Roy Abshire and others. Judgment for relators and respondents appeal. Reversed, and remanded for new trial.

J. Llewellyn and E. B. Pickett, Jr., both of Liberty, for appellants.

Morris & Barnes, of Beaumont, for appellees.

WALKER, J. In Bevers v. Winfrey (Tex. Civ. App.) 260 S. W. 627, we have given the details of the very unfortunate community disagreement between the towns of Hull and Daisetta in Liberty county, to which we refer for a full and complete statement of the nature of that difference. Briefly stated, it is enough to say that the Hull independent school district, containing these two towns, voted a bond issue for the purpose of erecting a high school building. The trustees of the district undertook to locate this building upon what is known in the record as the

---

Humble four-acre tract in the town of Daisetta. This location was contested by the citizens of Hull, before the school authorities of the state, and in a final order, which was approved by the state board of education, the state superintendent, Prof. S. M. N. Marrs, directed the trustees of the school district to locate the building as near one-half way between the towns of Hull and Daisetta as possible. In the development of this disagreement, the trustees entered an order to the effect that the high school should be maintained only in the town of Daisetta. The citizens of Hull duly contested this order, and in disposing of it, the state superintendent, on the 10th day of September, A. D. 1923, entered the following order:

"(1) Until the new high school building can be constructed, the school at Hull and the school at Daisetta should have the same organization as for the year 1922–23, unless there are a sufficient number of children in the district to organize an eleventh grade, and, in that event, said eleventh grade should be taught at Daisetta, for the reason that, temporarily, there appears to be a larger number of children of the district immediately tributary to this school.

"(2) The furniture removed from Hull to Daisetta should be returned and replaced at the expense of the school board.

"(3) If it becomes necessary to make a reassignment of teachers and readjustment of salaries, the same shall be done by the school board without expense and without prejudice to the interest of either community."

The trustees appealed from the order of the state superintendent to the state board of education, which, on the 17th day of October, 1923, "decided unanimously to sustain the decision of the State Superintendent." After this order was entered, the trustees took no further steps in the matter. They filed no suit in the district court to set aside the order of the state board of education, nor did they make any effort to carry it into execution. On the 22d day of November, 1923, the state superintendent, joined with certain citizens of Hull, filed a petition in the district court of Liberty county, praying for a mandamus against the trustees, requiring them to execute the order of the state superintendent. On the 26th day of November, the trustees answered that petition by a general demurrer, general denial, and by specially pleading facts directly attacking the order of the state superintendent, which, if true, were sufficient to obviate that order and set it aside, praying that "the order made by the state superintendent on the 8th day of September, 1923, and opinion and order made by the State Board of Education on the 17th day of October, 1923, be set aside and held for naught. The trial court overruled appellants' general demurrer to appellees' petition, and sustained appellees' exceptions to all defensive facts alleged by appellants, and, as appellants then declined to amend, he entered the following order and judgment disposing of the case on its merits:

"* * * Whereupon the plaintiffs or relators announced ready for trial, and the defendants or respondents then and there in open court demanded a jury, and requested the court to continue the case until a jury could be had, which demand and request were by the court refused, and the court indicated that the court would proceed to the trial on the merits of the case, the court holding and stating to counsel in open court that no fact issue was involved, to which action of the court in refusing the defendants' or respondents' application for a trial by jury and for a continuance, and in holding and stating that no fact issue was involved, the defendants or respondents then and there in open court excepted, and the case then proceeded to trial. And the court, after having heard the pleadings and argument of counsel, is of the opinion that the law is with the plaintiffs or relators," etc.

[1, 2] As we understand our statute relating to appeals from one department to another through our educational department, and decisions of our courts construing such statutes, there is no given time within which, as a matter of law, an appeal must be perfected. School District v. Dudney (Tex. Civ. App.) 142 S. W. 1007; Watkins v. Huff (Tex. Civ. App.) 63 S. W. 923; Harkness v. Hutcherson, 90 Tex. 385, 38 S. W. 1120. But the facts of each particular case must be looked to and the aggrieved party must with diligence prosecute his appeal, having due regard to the right of his opponent and to the interests of the general public, "in order that there may be no hardship to individuals and no delays or inconvenience in the management of school affairs." School District v. Dudney, supra. In this case, the final order made by the state board of education was entered on the 17th day of October, 1923. Appellants filed their answer to appellees' petition for mandamus on the 26th day of November following, thereby delaying some 39 days in perfecting an appeal from the decision of said board of education. As a matter of law, could the trial court say that this was an unreasonable time, in view of all the facts and circumstances in the case? We do not think so. As the cause primarily is one of fact, it could only become a question of law when the delay was so long that reasonable minds could not differ as to the purpose and intent of the aggrieved party in relation to the order; that is, the delay must be of sufficient length that all reasonable minds would concur that the aggrieved party had acquiesced in the order against him in this case. The parties were strenuously contesting the main issues in this controversy. The school was in progress under the order of appellants, and, while it was to the great convenience of ap-

pellees, as they allege, that the order be immediately executed, there was no showing made that the children of the town of Hull were being deprived of school advantages, nor that the order of appellants was so unfair as to prevent them from having any school privileges. In our judgment, the issue as to whether appellants had abandoned their appeal, was clearly one of fact, and the trial court erred in determining it as a matter of law.

[3] For the reasons given by us in construing appellants' petition in Bevers v. Winfree, supra, we overrule appellants' assignments that appellees' petition for mandamus was subject to a general demurrer. They plead as, a basis for the writ the issuance of the order by the state board of education, and, until set aside, the production of this order was sufficient to entitle them to the relief prayed for. On this issue, we think appellees have advanced a sound legal proposition:

"When the state board of education renders a decision on appeal, after hearing both parties to the controversy, from which decision there is no appeal, it is conclusively presumed that all facts, which might have been urged against the judgment or against an application for mandamus to enforce said judgment, were heard and disposed of by the state board of education."

In Harkness v. Hutcherson, supra, the Supreme Court said:

"This brings us to the question, Can the respondents avail themselves in this action of the defense to the original suit? The justice's judgment, though erroneous, is not void. It is as valid and as conclusive as any other judgment until vacated by an appeal. In a mandamus proceeding to enforce the collection of a judgment, it is conclusive as to all matters that might have been urged by way of defense in the tribunal in which it was entered; and all the authorities we have found so hold. U. S. v. New Orleans, 98 U. S. 381; Ralls County Court v. U. S., 105 U. S. 733; Chicago v. Sansum, 87 Ill. 182; State v. Gates, 22 Wis. 210."

Pearsall v. Woolls (Tex. Civ. App.) 50 S. W. 959, cited by us in Bevers v. Winfree, supra, sustains us in the effect we have given to the order of the state board. There Mr. Chief Justice James said:

"The right of plaintiff, under her contract, to teach in the public schools of Pearsall for the term in question, is undisputed, since the material facts giving her that right are not denied, and the general denial is not to be considered. After her right had been determined by the superintendent on appeal, without any further appeal, it was the plain duty of the trustees to observe the decision of that officer. Under such circumstances, applicant was entitled to the writ of mandamus. Terrell v. Greene, 88 Tex. 548, 31 S. W. 631; Merrill, Mand. § 115; High, Extr. Rem. § 332; Thompson v. Board (N. J. Sup.) 31 Atl. 168."

For the error of the trial court in determining the issues as a matter of law and in denying appellees a trial by jury on the fact questions, his judgment is reversed, and the cause remanded for a new trial.