STATE ex rel. MARRS, State Superintendent, et al. v. ABSHIER et al. (No. 585–4174.)

(Commission of Appeals of Texas. Section A. June 28, 1924.)

1. Schools and school districts ⊙⟹20—Rule as to finality of decision of state superintendent stated.

Under Rev. St. arts. 4509–4511, decisions of state superintendent of public instruction are final unless reversed by state board of education, and courts will not interfere with exercise of his discretion within scope of his authority unless there is clear abuse thereof or violation of law, and they will not consider whether his decision is wise or expedient.

2. Schools and school districts ⊙⟹20—Whether exercise of discretion by state superintendent is reasonable held question of law for court.

Whether exercise of discretion by superintendent of public instruction is reasonable under given state of facts is question of law for court.

3. Schools and school districts ⊙⟹20—Extent of jurisdiction and power of state superintendent and board of education held subject to inquiry by courts.

State superintendent of public instruction and board of education do not have exclusive authority to determine questions relating to their jurisdiction and power, but such questions are subject to inquiry by court.

4. Schools and school districts ⊙⟹20—Decision of state superintendent locating high school held not reviewable by courts.

Under Rev. St. arts. 4509–4511, decision of superintendent of public instruction as to where high school should be located and as to its organization, etc., sustained on appeal to board of education, is not reviewable by courts.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Petition for mandamus by the State of Texas, on the relation of S. M. N. Marrs, State Superintendent, and others, against Roy Abshier and others. Judgment for relators was reversed and remanded by Court of Civil Appeals (260 S. W. 635), and relators bring error. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.

W. A. Keeling, Atty. Gen., and Morris & Barnes, of Beaumont, for plaintiffs in error.

E. B. Pickett, Jr., and J. Llewellyn, both of Liberty, for defendants in error.

BISHOP, J. The inhabitants of Hull independent school district, in Liberty county, in 1922, voted a bond issue of $100,000 for the purpose of constructing a permanent high school building in said district. These bonds were approved, issued, and sold. A controversy arose between the trustees of the district and citizens of the town of Hull as to the location of the proposed high school building, which controversy is still pending.

During the scholastic year 1922–23, the trustees of the district maintained a high school at Hull and also one at Daisetta, another town located in the district. Before the beginning of the school term 1923–24, the trustees passed an order discontinuing the high school at Hull and ordered that the high school for all students should be maintained in the town of Daisetta. Thereupon the citizens of Hull, by petition directed to the trustees composing the school board, sought to have this order rescinded and the furniture and other equipment which had been moved to Daisetta returned to the schoolhouse at Hull. The school board denied their petition, and they appealed to the state superintendent of public instruction, who, after hearing all matters in controversy on September 10, 1923, made and entered the following order:

"(1) Until the new high school building can be constructed, the school at Hull and the school at Daisetta should have the same organization as for the year 1922–23, unless there are a sufficient number of children in the district to organize an eleventh grade, and, in that event, said eleventh grade should be taught at Daisetta, for the reason that, temporarily, there appears to be a larger number of children of the district immediately tributary to this school.

"(2) The furniture removed from Hull to Daisetta should be returned and replaced at the expense of the school board.

"(3) If it becomes necessary to make a reassignment of teachers and readjustment of salaries, the same shall be done by the school board without expense and without prejudice to the interest of either community."

The trustees appealed from this order to the state board of education, which, after

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

full hearing, on October 17, 1923, sustained the order of the state superintendent. The trustees failed and refused to comply with this order, and on November 22, 1923, the plaintiffs in error filed their petition in the district court of Liberty county, praying for a writ of mandamus against the trustees, defendants in error, requiring them to execute the order of the state superintendent.

Defendants in error answered by general demurrer and specially that material changes have taken place since the order of the state superintendent was approved by the state board of education; that the road between Hull and Daisetta is not impassable in any kind of weather; that no conditions exist which would prevent high school students residing in Hull from attending the high school maintained at Daisetta; 'and that to maintain its high schools, one at Hull and another at Daisetta, would require the expenditure of large sums of money and result in shorter terms of school in the district; and prayed that for these reasons the orders of the state superintendent and state board of education be set aside.

The trial court overruled the general demurrer of defendants in error; sustained exceptions to all facts specially alleged by them in their answer; overruled their request for a trial before a jury, holding that there was no question of fact to be tried by a jury; and on hearing granted writ of mandamus as prayed for by plaintiffs in error.

Defendants in error appealed to the Court of Civil Appeals of the Ninth Supreme Judicial District, which reversed the judgment of the district court and remanded the cause. 260 S. W. 635.

[1, 2] Article 4509, Revised Civil Statutes, provides that—

"Appeal shall always lie from the rulings of the state superintendent to the state board of education."

And articles 4510 and 4511 are as follows:

"The superintendent of public instruction shall be charged with the administration of the school laws ,and a general superintendency of the business relating to the public schools of the state. He shall hear and determine all appeals from the rulings of the decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions, unless they are reversed by the state board of education. He shall prescribe suitable forms for reports required of subordinate school officers and teachers, and blanks for their guidance in transacting their official business and conducting public schools, and shall, from time to time, prepare and transmit to them such instructions as he may deem necessary for the faithful and efficient execution of the school laws, and by whatsoever is so communicated to them, shall they be bound to govern themselves in the discharge of their official duties. He shall examine and approve all accounts of whatsoever kind against the school fund that are to be paid by the state treasurer, and, upon such approval, the comptroller shall be authorized to draw his warrant.

"The state superintendent shall advise and counsel with the school officers of the counties cities and towns and school districts as to the best methods of conducting the public schools, and shall be empowered to issue instructions and regulations, binding for observance on all officers and teachers in all cases wherein the provisions of the school law may require interpretation in order to carry out the designs expressed therein, also in cases that may arise in which the law has made no provision, and where necessity requires some rule in order that there may be no hardships to individuals, and no delays or inconvenience in the management of school affairs."

Controversies which involve questions connected with the government and management of the public schools are by the Legislature conferred upon the state superintendent, and his decisions are made final, unless reversed by the state board of education. As long as he acts within the scope of the powers so delegated, the courts will not interfere with the exercise of his discretion, unless there is a clear abuse thereof, or unless his decision is in violation of law. If he is acting within the scope of the authority conferred in deciding a controversy of this nature, the courts will not consider whether his decision is wise or expedient, but only whether it is a reasonable exercise of his power and discretion; and such reasonableness, under a given state of facts, is a question of law for the court to determine. Wiley v. Allegany County School Commissioners, 51 Md. 401; Heard v. School Directors, 45 Pa. 93; Commonwealth v. Jenks, 154 Pa. 368, 26 Atl. 371; Wilson v. Board of Education, 233 Ill. 464, 84 N. E. 697, 15 L. R. A. (N. S.) 1136, 13 Ann. Cas. 330; Hobbs v. Germany, 94 Miss. 469, 49 South. 515, 22 L. R. A. (N. S.) 983.

[3, 4] It was, of course, not the intention of the Legislature to confer on the state superintendent and the state board of education, discharging quasi judicial functions, exclusive authority to determine questions pertaining to their jurisdiction and the extent of their power. All such questions are subject to inquiry by the courts. The question as to where a high school should be taught is one over which the school authorities are given jurisdiction, and it is clear that the state superintendent was acting within the scope of the powers conferred upon him by the above articles in reviewing the controversy, and in deciding that until the new high school building, then in contemplation, should be constructed, the schools "should have the same organization as for the year 1922–23, unless there are a sufficient number of children in the district to organize an eleventh grade, and in that event" such grade should be taught at Daisetta, for the reasons given in the order. The decision of all the questions passed upon by the state superintendent was in regard to matters

over which he is given jurisdiction, and the answer of defendants in error alleges no fact which would indicate an abuse of his discretion. The question as to whether it was wise or expedient to require that a high school be taught at Hull was one that the Legislature clothed him with authority to decide.

We are of opinion that the Court of Civil Appeals erred in holding that the answer of defendants in error contained allegations of fact, which, if true, would authorize a court to set aside the order of the state superintendent, which on appeal had been sustained by the state board of education. The action of the trial court, in sustaining the objections to this answer for the reason that it alleged no fact or facts showing that the state superintendent had abused the exercise of discretion confided to him by law, we think was correct. It was the duty of the trustees to comply with this order. After their contention had been overruled on appeal, they will not be heard to say that their judgment was more advantageous to the interest of the school district than that of those placed over them in authority.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.