Opinion delivered March 16, 1888.

## No. 2566.

### COUNTY OF HARRIS *v.* WILLIAM BOYD ET AL.

| 70 | 237 |
|----|-----|
| 88 | 461 |

1. TAXATION.—Special taxes for local benefit levied by a city do not come within the meaning of the term "taxation," as usually employed in the Constitution.
2. SAME—CITIES AND TOWNS.—The power of a city to levy and collect taxes, when claimed against the county as owner and against the county property as a lien, does not extend to property owned by the county and used by it for the county court house.
3. CITY CHARTER.—The charter of the city of Houston was not intended by the Legislature to confer on the municipal government powers which would invade and interfere with the functions of government committed to the county commissioners court, or to impose burdens on the county independent of or against the orders of such court.
3. SAME.—Section 23 of the city charter for the city of Houston must be construed to apply only to all legal subjects of taxation.
4. SAME.—The exemptions contained in article 11, section 9 of the Constitution, must be construed as embracing all taxation, special as well as general.
5. SAME.—The action of the city authorities of the city of Houston in assessing a tax against the court house site, and in attempting to bind the county of Harris as the owner, is inhibited by section 9, article 9 of the Constitution of the State.

ERROR from Harris. Tried below before the Hon. James Masterson.

*Perryman & Gillespie,* for plaintiff in error: Assessments made for street improvements are a charge on the property benefited, and is not a general one upon the owner. (Cooley on Taxation, 470, 471, 472; Taylor v. Palmer, 31 California, 240, 254; Neenan v. Smith, 50 Missouri, 525; St. Louis v. Brester, Id., 350.)

All real property belonging to the different courts of the State, is exempt from taxation and forced sale. (Rev. Stats., art. 4673, subdivision third edition, art. 2339; Constitution of State, art. 11, sec. 9.)

The property of counties in the State, owned and held for public purposes, is subject to but two liens—the vendor's lien and the mechanic's or builder's lien. (Constitution of the State, art. 11, sec. 9.)

*Jones & Garnett* and *Chas. E. Dwyer,* for defendant in error: The fact that all property belonging to counties in this State is exempt from taxation, does not exempt or relieve the county from liability for special assessments made for the improvement of streets on which such property fronts or abuts, cited 1 Desty on Taxation, sections 1, 3, 5, 7 and 147; 2 Id., section 1248; Cooley on Taxation, 146–151, 416; 2 Dillon on Municipal Corporations, section 616; County of McLean v. City of Bloomington, 106 Illinois, 209; same, 5 American and English Corporation Cases, 535; The City of Sioux City v. Independent School District of Sioux City, 55 Iowa, 150; People v. Mayor, etc., of Brooklyn, 4 New York, 420.

The judgment of the court below, in the manner and form as rendered, was fully authorized by law, and was the only proper judgment that could have been rendered in the cause. The charter of the city of Houston, by authority of which the improvements were made on Preston street, for which the certificates sued on were issued, makes the assessment a charge against the property owner, and gives a lien on such property to secure its payment, and the statute provides that no execution shall issue against a county. (Amendments to the Charter of the City of Houston; see Acts 1883, Special Laws, 17; 2 Desty on Tax., sec. 1342, and authorities cited; Cooley on Taxation, 470, 471, 472; City of Burlington v. Quick, 47 Iowa, 222; Gesty

v. City of Cincinnati, 26 Ohio State, 275; Nichols v. Bridgeport, 23 Conn., 190; Hazzard v. Heocock, 39 Ind., 172; People v. Neuring, 27 N. Y., 308; People v. Mayor, etc., of Brooklyn, 4 N. Y., 420; Bennett v. City of Buffalo, 17 N. Y., 383; County of McLean v. City of Bloomington, 106 Ill., 209.)

WALKER, ASSOCIATE JUSTICE.   William Boyd & Bro., February 19, 1886, brought suit against Harris county for seven hundred and ninety-six dollars and sixty-one cents, the amount of two accounts representing the assessment against the court house block in the city of Houston.

The petition alleges that the city council of the city of Houston, in 1883, by virtue of its charter, and after proper proceedings in accordance therewith, awarded a contract to George A. Hill & Co. for the improvement of certain portions of Preston street in said city, including that portion of the street upon which the court house lots of the city abut; that Hill & Co. by consent of the city, transferred the contract to the defendants in error, and in accordance with said contract they constructed said improvements, and the same were duly accepted by said city about the twenty-eighth day of April, 1884.

That on the twenty-eighth day of April, 1884, two certificates aggregating the sum of seven hundred and ninety-eight dollars and sixty-one cents were issued to said work for defendant in error, by said city, to be paid by plaintiff in error, said certificates bearing interest at the rate of eight per cent per annum from date, and were a lien on said property of plaintiff in error, upon which its said court house is situated.   Said certificates were duly presented to plaintiff in error, and the payment in whole or in part refused.

There was a prayer for the amount of the claim and interest and costs, for foreclosure of lien on said property and for order of sale and for general relief.

Defendants answered:

1.   By general exception to petition.

2.   By special exception alleging:   First—That the city of Houston could make no contract upon which judgment could be rendered against Harris county in its corporate capacity. Second—That its court house property is exempt from taxation, and that the assessment upon which the claim of defendant in error is based is void, and constitutes no charge or lien on said property.

3.  By general denial.

Neither party demanding a jury, the cause was submitted to the court on the twentieth day of November, 1886, and judgment entered in favor of defendant in error and against plaintiff in error for nine hundred and and sixty-two dollars and twenty cents, with interest thereon at the rate of eight per cent per annum from date of said judgement, and costs and a lien established on lots one, two, three, four and five, in block number thirty-one, being the lots upon which the court house is situated.  The judgment provides that no execution or order of sale issue.  Motion for new trial was overruled.  The case is brought up for revision by writ of error.  The errors insisted upon are, first, in not sustaining the demurrers to the petition, and, second, the judgment against the county for the debt. The questions raised are whether the court house and grounds are subject to taxation or to that species of taxation called assessments for specific purposes by the city authorities.

The Constitution of the State, article 8, section 1, prescribes: "Taxation shall be equal and uniform.  All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value," etc.

Article 11, sections 1, 2 and 9:

"1.   The several counties of this State are hereby recognized as legal subdivisions of the State."

"2.   The construction of jails, court houses and bridges   *   *   *   and the laying out, construction and repairing of county roads, shall be provided for by general laws."

"9.   The property of counties, cities and towns owned and held only for public purposes, such as public buildings and the sites therefor,   *   *   *   public grounds and all other property devoted exclusively to the use and benefit of the public, shall be exempt from forced sale and from taxation; *provided,* nothing herein shall prevent the enforcement of the vendor's lien, the mechanic's or builder's liens, now existing."

Under article 8, section 2, of the Constitution, the Legislature exempted from taxes "actual places of religious worship," cemeteries, property used for school purposes, and for purely public charity.

Taxation is the enforced contribution of persons and property "levied by the authority of the State for the support of the government and for all public needs." (Cooley on Taxation, 1.)

The assessments for city improvements contemplate, in theory at least, a local benefit and increase of value, and are made under the power to tax—are an exercise of that power. These special taxes do not come within the meaning of the term "taxation," as usually employed in the Constitution and statutes. (42 Texas, 626; 51 Texas, 320.) At least the general limitations in article 8 of the Constitution are held not to apply to the exactions by city authorities under their charters to construct and repair side walks, streets, etc, as against abutting owners.

In this case it is sought to further recognize the power of cities so as to extend it to assessments upon property owned by the county and used as a site for the county court house, the claim being against the county as owner and against the property as a lien. In lands held for public use the increased value supposed to follow street improvements could not apply as compensation for the levy, as in property held by individuals.

Again, the mode of assessment is faulty; in effect, it seeks to impose upon the county a burden for a local benefit, and without its sanction. By the Constitution " county commissioners" are recognized as the local government, with powers of county legislation within its limits; the county itself a legal subdivision of the State. Much of the powers and duties of the government is committed to these local bodies, affecting important interests for the welfare of the inhabitants. They are chargable with the duty of providing and keeping in repair court houses, jails, and all necessary public buildings. Having power to levy and collect a tax for county purposes " within prescribed limitations; to audit and settle all accounts against the county, and to direct their payment; to lay out and establish   *   *   *   public highways," etc. (Rev. Stats., arts. 1514, 1515; Const., art. 5, sec. 18.)

It is not a necessary conclusion that the charter of the city under which the questioned authority was exercised, was intended by the Legislature to invade or interfere with the functions of government committed to the county commissioners, or to impose burdens upon the county independent of or against the orders of the commissioners. The charter, section 23, provides:

"The city council shall have full power and authority to grade, shell, pave, repair or otherwise improve any avenue,

street or other highway, * * * which grading, shell-
ing, paving or repairing shall be done at the cost and charge
of the owner or owners of the lot or lots, or block or blocks,
fronting on such alley, avenue, street or other highway to be
improved, and the costs of such improvements, together with
the expense of collection thereof, shall be a tax against the
owner of such lot or lots, or block or blocks, as well as a lien
and incumbrance upon the property itself." This must be con-
strued to apply, only to apply, to all legal subjects of taxation,
and must be limited by the Constitution.

But finally there is no apparent reason why the exemp-
tions in the Constitution should not be taken in the ordinary
and more comprehensive sense so as to include all taxation,
special, as well as general. The purposes of the exemption ob-
tain equally against special assessments as against general
taxation. The inhibition against sale would seem to negative
the power to assess. If the property can not be subjected by
sale to the tax a mere assessment in many cases would be
useless. Besides in any decree foreclosing a lien, execution
ordinarily runs against the defendant for the residue after ex-
hausting the subject of the lien. (Rev. Stats., art. 1340.) To
allow judgment to run against the county first would be to al-
low the city authorities to add to the county liabilities and in-
crease the taxation necessary to be levied by the county com-
missioners. They are intrusted with the discretion of deter-
mining, at least so far as contracts extend, what outlay shall
be made of the general revenues of the county. They should
not be interfered with by the city authorities. This question has
been decided differently by other courts and there is great con-
flict in the decisions. (Cooley on Taxation, 470, 471, 472; Tay-
lor v. Palmer, 31 Cal., 240; Heenan v. Smith, 50 Mo., 525; St.
Louis v. Brestin Contra, 106 Ill., 209; County of McLean **v.**
City of Bloomington; Sioux City v. School District, 55 Iowa,
150; People v. Mayor, 4 N. Y., 420.) The court holds that the
action of the city authorities in assessing the tax against the
court house site, and in attempting to bind the county as the
owner was inhibited by section 9, article 9, of the Constitution
of the State. It was without authority, as well against the
county as against the property.

The judgment below is reversed and the cause dismissed.

*Reversed and dismissed.*