

# The Attorney General of Texas

September 4, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-52

Re: Incarceration of municipal prisoners in the Harris County Jail.

Dear Mr. Resweber:

You have asked our opinion on several questions.

You first ask whether a person arrested for violating only a municipal ordinance may be legally incarcerated in the Harris County Jail, absent an agreement between the city and the county under the Interlocal Cooperation Act, article 4413(32c), V.T.C.S.

A city has authority to enact ordinances and provide for their enforcement. V.T.C.S. arts. 1011 (general law cities); 1175 (home rule cities). The municipal court of a city has exclusive jurisdiction within the territorial limits of the city in all criminal cases arising under the ordinances of the city. V.T.C.S. art. 1195; Code Crim. Proc. art. 4.14. See Ex parte Levine, 81 S.W. 1206 (Tex. Crim. 1904); Attorney General Opinion O-5416 (1943) (justice court does not have jurisdiction over violation of city ordinance). The mode of procedure in municipal court is set out in chapter 45 of the Code of Criminal Procedure. Article 45.05 is the most specific provision dealing with custody of persons accused of violating a city ordinance:

> When the defendant in such cases [proceedings in municipal court] is committed to custody, he shall be committed to the custody of the chief of police or city marshall of such city, town or village, to be held by him in accordance with the ordinance providing for the custody of prisoners convicted before such . . . [municipal] court.

This provision clearly contemplates that a city is responsible for providing a place for city prisoners. In Attorney General Opinion O-7353 (1946), this office considered the predecessor of this article and held that the maintenance of prisoners who are defendants in corporation court cases is the responsibility of the city and that the county commissioners court had no legal authority to pay a claim for feeding such prisoners. This opinion was rendered prior to the enactment of the Interlocal Cooperation Act.

In Ex parte Ernest, 136 S.W.2d 595, 597 (Tex. Crim. 1939), the court quoted the general rule that "a municipal corporation's powers cease at municipal boundaries and cannot, without plain manifestation of legislative intention, be exercised beyond its limits." The court then said:

> Municipal ordinances are, therefore, necessarily local in their application, operating usually only in the territory of the municipality in which they are enacted and without force beyond it.

Id. See also City of Arlington v. Lillard, 294 S.W. 829 (Tex. 1927); City of Sweetwater v. Hamner, 259 S.W. 191 (Tex. Civ. App. — Fort Worth 1924, writ dism'd).

In prosecutions involving violations of ordinances only, the state is not the real party in interest, but is only a nominal party. Attorney General Opinion V-1147 (1951). See Howth v. Greer, 90 S.W. 211 (Tex. Civ. App. 1905, writ ref'd). Thus, the county attorney has no duty to represent the prosecution in corporation court in such cases, despite the constitutional duty to represent the state in all cases in the district and inferior courts in their county imposed by section 21 of article V, Texas Constitution. Attorney General Opinion V-1147 (1951). A justice court has no jurisdiction or authority over violations of city ordinances. Attorney General Opinion O-5416 (1943). Neither do we believe that the sheriff has a duty to enforce city ordinances by incarcerating persons accused of violations absent a plain manifestation of the legislature's intent that a city may impose such a duty on the sheriff and the county.

In a case in which a city assessed a county for paving, the Texas Supreme Court held this action invalid and explained that the charter of the City of Houston was not intended by the legislature to confer on municipal government powers which would invade and interfere with the functions of government committed to the county commissioners court, or to impose burdens on the county independent of or against the orders of such court. Harris County v. Boyd, 7 S.W. 713, 715 (Tex. 1888). The court determined that the city had no power "to impose upon the county a burden for a local benefit, and without its sanction." Id. at 714.

Thus, while a municipal court judge is a magistrate, Code Crim. Proc. art. 2.09, and has broad powers in that capacity to enforce the laws of the state, Code Crim. Proc. arts. 2.10, 6.01, 7.01, 8.04, 14.02, 15.01, 15.03, 15.04, 15.07, 15.17, 16.01, 16.20, 17.031, 18.01, and while a city police officer is a peace officer, Code Crim. Proc. art. 2.12, with broad powers in that capacity to enforce the laws of the state, Code Crim. Proc. arts. 2.13, 2.14, 6.05, 6.06, 8.01, 8.04, 8.05, 8.08, 14.01, 14.04, 14.06, 15.01, 15.16, 15.17, 18.01, it is our opinion that neither of them, nor the governing body of the city has authority to impose upon the county a burden in a matter of exclusively local concern such as the enforcement of a city ordinance, absent specific statutory authority or an agreement by the county to assume such responsibility.

The legislature has made provision for interlocal government agreements including those between counties and cities, and including the subject of jails. V.T.C.S. art.

4413(32c) SS 1, 4.  Provision for such agreements would be unnecessary, and the county would have no choice in the matter if a city through its officers could impose a major portion of the burden of enforcing a purely local ordinance on the county and its law enforcement facilities.  We believe that a city's right to enact local ordinances and to collect fines for their violation, Code Crim. Proc. arts. 45.06, 45.11, carries with it the responsibility to make provision for its own prisoners.

Your next question is whether a prisoner committed to the custody of the sheriff can be released temporarily to another police agency.  Article 5116, V.T.C.S., states in pertinent part:

> (a) Each sheriff is the keeper of the jail of his county.  He shall safely keep therein all prisoners committed thereto by lawful authority, subject to the order of the proper court, and shall be responsible for the safekeeping of such prisoners.

See Code Crim. Proc. arts. 2.18, 16.21.  If a sheriff transfers custody of a prisoner to another officer without an order of the proper court, or without statutory authority, see V.T.C.S. article 5117 (receiving and delivering federal prisoners), he is either in violation of his statutory duty or will continue to be responsible for the prisoner as though the other person were his agent. Wolf v. Perryman, 17 S.W. 772 (Tex. 1891).

### SUMMARY

> A sheriff has no duty to incarcerate a person in county jail when the person is arrested for violating only a municipal ordinance, absent an interlocal agreement for such use of the county jail. If, without a court order or statutory directive, the sheriff releases a prisoner to another police agency, he remains responsible for the prisoner.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by William G Reid
Assistant Attorney General