The CITY OF HOUSTON, et
al., Appellant,

v.

ALNOA G. CORPORATION, Appellee.

No. 18132.

Court of Appeals of Texas,
Houston (1st Dist.).

April 8, 1982.

Rehearing Denied May 13, 1982.

Edward A. Cazares, Robert J. Collins, Houston, for appellant.

William V. Counts, G. David Ringer, Dallas, and Dow H. Heard and Joseph G. Rollins of Olson & Olson, Houston, for appellee.

EVANS, Chief Justice.

The appellee brought this action to contest a paving assessment against its properties levied pursuant to an ordinance adopted by the City Council of the City of Houston. After hearing the evidence, the trial court declared the ordinance void insofar as it affected the appellee's properties, holding the City's action was arbitrary and capricious.

In two points of error, the City contends that the trial court erred in finding that the assessment was not supported by substantial evidence, and in determining that the action of City Council was arbitrary and capricious. In considering these points, the court will review the record in the light of the Texas Supreme Court's pronouncement in *City of Houston v. Blackbird*, 394 S.W.2d 159, 162 (Tex.1965):

An assessment against property and its owner for paving improvements on any basis other than for benefits conferred and in an amount materially greater than the benefits conferred, violates Sec. 17 of Article 1 of the Constitution of Texas, Vernon's Ann.St. which prohibits the taking of private property for public use without just compensation.

The record shows that in April, 1976, the City Council ordered the improvement of certain segments of Almeda-Genoa and Monroe Roads in the City of Houston, along which the appellee owns abutting lots. On January 5, 1977, the City Council held a hearing, attended by the appellee, to determine the special benefits, if any, resulting to appellee's properties by reason of such improvements. The City Council subsequently adopted the ordinance in question, finding special benefits to the appellee's property under the "front foot" plan at $60.73 per foot.

Under the front foot rule or plan, each front foot of an abutting owner's lots may be assessed a portion of the total cost of improvements which is equal to the portion of the assessment levied against each front foot of property of other abutting owners along the improved segment of the road. *Foxworth-Galbraith Lumber Co. v. Realty Trust Co.*, 110 S.W.2d 1164, 1167 (Tex.Civ. App.—Amarillo 1937, writ dism'd). The front foot plan of apportioning the cost of public road improvements is authorized by Tex.Rev.Civ.Stat.Ann. art. 1105b, Section 7 (Vernon 1963), which provides:

The part of the cost of improvements on each portion of highway ordered improved which may be assessed against abutting property and owners thereof shall be apportioned among the parcels of abutting property and owners thereof, in accordance with the Front Foot Plan or Rule provided that if the application of this rule would, in the opinion of the Governing Body, in particular cases, result in injustice or inequality, it shall be the duty of said Body to apportion and assess said costs in such proportion as it may deem just and equitable, having in view the special benefits in enhanced value to be received by such parcels of property and owners thereof, the equities of such owners, and the adjustment of such apportionment so as to produce a substantial equality of benefits received and burdens imposed.

Under this statute, the City Council is authorized to apportion the cost of paving improvements according to the front foot plan or rule unless it determines that the application of the rule would, in a particular

case, result in "injustice or inequality." Thus, the governing body has the statutory duty of assessing costs against each abutting property owner with due regard to "any special benefits to be received in enhanced value" and to any "equities" of the abutting owners. The statute mandates that the governing body shall adjust such apportionment "so as to produce a substantial equality of benefits received and burdens imposed."

The trial court made express findings of fact. It found that prior to January 5, 1977, when the City Council held the hearing to determine the question of special benefits to the appellee's properties, the City had already levied assessments to improve other segments of Almeda-Genoa Road and had, by its prior action, committed itself to an assessment rate of not less than $60.73 per front foot for all land abutting on Almeda-Genoa Road. The trial court further found that the City's assessment of the appellee's property was predicated upon the total improvement cost of the improvements made by the lineal feet of roadway. The trial court additionally found that the improvements in question benefited the public generally and did not provide special benefits to the abutting lot owners; that appellee's lots were substantially different in character and, therefore, were not subject to being assessed on the basis of the front foot plan; that the testimony presented by the City was not credible or competent to establish benefits to the appellee's property; and that no evidence was produced by the City regarding the fair market value of any of appellee's lots before or after such improvements. On the basis of these findings, the trial court concluded that the City had acted arbitrarily in applying the front foot plan; that the City's assessment was not supported by substantial evidence; and that the proposed assessment was constitutionally impermissible.

At the January 5, 1977 hearing before the City Council, the City produced expert appraisal witnesses who testified, in essence, that the improvements on the roads in question would primarily benefit the abutting property owners, and that the amount of the enhanced value of such property was at least $60.73 a front foot. The appellee offered testimony of two expert witnesses who contradicted, in substantial part, the enhancement testimony of the City's witnesses. The appellee's witnesses also testified, without contradiction, that the appellee's lots were irregular in width, depth and shape, and that the application of the front foot rule would result in disproportionate assessment of costs on a square foot basis.

The City has not specifically challenged the trial court's finding that the assessment against appellee's property was predicated upon the total cost of the improvements made, divided by the lineal feet of roadway, nor has it contested the finding that the City had previously committed itself to the specified front foot rate of $60.73 per front foot for all property along Almeda-Genoa Road. Neither did the City contest the testimony offered by the appellee that its lots were substantially different in character, so that the properties could not be equitably assessed on the basis of the front foot rule. On the basis of the record before it, the trial court was at liberty to disregard the opinion testimony of the City's witnesses as being so insubstantial as to have no probative effect on the ultimate issue in the case, and the trial court did not err in concluding that the City Council's plan of assessment, as applied to appellee's properties, was arbitrary and capricious because it would result in an inequitable and unjust apportionment of the improvement costs. An assessment which merely represents a front foot apportionment of the total cost of improvements, without consideration of special benefits to the owner, is illegal. *Hutcheson v. Storrie,* 92 Tex. 685, 51 S.W. 848, 45 L.R.A. 289 (1899).

The first two points of error are overruled.

In its first cross-point of error, the appellee contends that the trial court erred in refusing to declare Article 1105b unconstitutional on the ground that it denies a property owner the right of a trial de novo

on the issue of enhanced value. This cross-point is overruled. *City of Houston v. Blackbird, supra.*

In its second cross-point of error, the appellee contends that the trial court erred in refusing to make an award of damages.

 The appellee contends that it is entitled to damages because the paving assessment lien on its properties damaged its ability to develop, sell, or otherwise enjoy the use of its properties. There is no evidence in the record concerning the effect, if any, of such asserted lien on the appellee's properties, nor is there evidence of any other injury to such properties resulting from the enactment of the assessment ordinance. Compensatory damages are allowable only upon proof of an actual injury. The appellee's second cross-point is denied. *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Familias Unidas v. Briscoe,* 619 F.2d 391 (5th Cir. 1980).

In its third cross-point, the appellee contends that it is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, which provides in pertinent part:

> In any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985 and 1986 of [Title 42, U.S.C.], title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the U.S., a reasonable attorney's fee as part of the costs.

Considering the nature of the appellee's action and the relief granted by the trial court, the record does not reflect an abuse of discretion in the trial court's refusal to award attorney's fees. The appellee's third cross-point is denied.

The trial court's judgment is affirmed.

DOYLE and STILLEY, JJ., also sitting.