**C.E. SMITH, et al., Appellants,**

**v.**

**The CITY OF HOUSTON, Appellee.**

**No. C14–85–132–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 1985.

Rehearing Denied July 11, 1985.

Marcus E. Faubion, Houston, for appellants.

Teresa Faulkner, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellants, C.E. Smith, Gladys Johnnie Dickey, Hilda F. Wells, and Robert G. Horne and wife, Ruby E. Horne, are property owners of land fronting on Almeda-Genoa Road in Houston, Texas. They filed suit against appellee, City of Houston, seeking a declaratory judgment that City of Houston Ordinance No. 77–180 is void. This ordinance apportioned the paving assessment for the widening of Almeda-Genoa Road. Appellants also sought to have the liens against their lands to secure payment of the assessments set aside, and sought a refund of all monies paid to the City on the assessments levied by the ordinance. The trial court rendered a take nothing summary judgment in favor of the City and against appellants. We reverse and remand.

Appellants bring two points of error on appeal. In their first point of error they allege that the trial court erred in holding that TEX.REV.CIV.STAT.ANN. art. 1105b § 9 (Vernon Supp.1985) barred them from maintaining their suit because the 15 day requirement for filing appeals, found in art. 1105b § 9, does not apply where the ordinance is void. Section 9 gives anyone owning or claiming property assessed, or any interest therein, who desires to contest an assessment, the right to appeal to any court having jurisdiction within 15 days from the time the assessment is levied. It also provides that anyone who shall fail to institute such suit within the time limitation shall be held to have waived every matter which might have been taken ad-vantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof. In their second ground of error, they argue the trial court erred in granting judgment to the City because the assessment is void.

An assessment against property and its owners for paving improvements on any basis other than for benefits conferred, and in an amount greater than the benefits conferred, violates TEX. CONST. art. I, § 17, which prohibits the taking of private property for public use without just compensation. *City of Houston v. Blackbird,* 394 S.W.2d 159 (Tex.1965); *Hutcheson v. Storrie,* 92 Tex. 685, 51 S.W. 848 (1899). The prohibition against disproportionate assessment is the reason the ordinance questioned in the instant case was declared arbitrary and capricious in *City of Houston v. Alnoa G. Corp.,* 638 S.W.2d 515 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

On January 26, 1977, the Houston City Council approved assessments for the Almeda-Genoa Road project and Ordinance No. 77–180 was passed on that day. The assessments were made under a front foot plan by which property owners fronting on the new road, and without a sidewalk, would pay $60.73 per foot; property owners of property fronting the new road, with a new sidewalk, would pay $66.73 per foot. Appellants waited 7 years to contest the assessments and then filed their original petition on May 12, 1984. The City argues that TEX.REV.CIV.STAT.ANN. art. 1105b § 9 (Vernon Supp.1985) bars appellants' action. We do not agree.

Under the front foot plan ..., each front foot of an abutting owner's lots may be assessed a portion of the total cost of improvements which is equal to the portion of the assessment levied against each front foot of property of other abutting owners along the improved segment of the road. *Foxworth-Galbraith Lumber Co. v. Realty Trust Co.,* 110 S.W.2d 1164, 1167 (Tex.Civ.App.

—Amarillo 1937, writ dism'd). The front foot plan of apportioning the cost of public road improvements is authorized by Tex.Rev.Civ.Stat.Ann. art. 1105b, Section 7 (Vernon 1963), which provides:

> The part of the cost of improvements on each portion of highway ordered improved which may be assessed against abutting property and owners thereof shall be apportioned among the parcels of abutting property and owners thereof, in accordance with the Front Foot Plan or Rule provided that if the application of this rule would, in the opinion of the Governing Body, in particular cases, result in injustice or inequality, it shall be the duty of said Body to apportion and assess said costs in such proportion as it may deem just and equitable, having in view the special benefits in enhanced value to be received by such parcels of property and owners thereof, the equities of such owners, and the adjustments of such apportionment so as to produce a substantial equality of benefits received and burdens imposed.

Under this statute, the City Council is authorized to apportion the cost of paving improvements according to the front foot plan ... unless it determines that the application of the rule would, in a particular case, result in "injustice or inequality." Thus, the governing body has the statutory duty of assessing costs against each abutting property owner with due regard to "any special benefits to be received in enhanced value" and to any "equities" of the abutting owners. The statute mandates that the governing body shall adjust such apportionment "so as to produce a substantial equity of benefits received and burdens imposed." *City of Houston,* 638 S.W.2d at 516–17.

█ After a review of the record, we find Ordinance No. 77–180 is void because it is arbitrary in assessing the dollar amount per front foot that each property owner must pay. The assessments of $60.73 and $66.73 were made uniformly and without regard for any special benefits conferred to the properties. Since the assessments for paving improvement were made on a basis other than for benefits conferred it is unconstitutional and void. *City of Houston,* 394 S.W.2d 159; *Hutcheson,* 92 Tex. 685, 51 S.W. 848. Appellant's second point of error is sustained.

█ Due to the fact that we find the ordinance void, we agree with appellants' first point of error. The 15 day limit for appeal found in TEX.REV.CIV.STAT.ANN. art. 1105b § 9 (Vernon Supp.1985) does not apply where the ordinance is void and does not bar appellants from maintaining their suit. In *Elmendorf v. City of San Antonio,* 242 S.W. 185 (Tex.Comm.App.1922, judgmt adopted) the commission held that a statute similar to art. 1105b did not bar an attack on the assessment as being void. The trial court erred in applying art. 1105b § 9 because the 15 day limit was inapplicable since Ordinance No. 77–180 is void.

Additionally, we question the time limit itself in light of the recent decision, *Fitts v. City of Beaumont,* 688 S.W.2d 182 (Tex. App.—Beaumont 1985, no writ). The *Fitts* court held that a city charter provision requiring written notice of injury within 60 days of sustaining injury violated TEX. CONST. art. I, § 13, which prohibits unreasonable limitation provisions, because the selection of 60 days as the notice period, without any good cause exception, was arbitrary.

Accordingly, the judgment of the trial court is reversed and remanded for trial.