

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 16, 1992

Honorable Allen Ross Hightower
Chairman
Committee on Environmental Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-126

Re: Authority of a county to improve certain subdivision roads and assess the cost of repairs against subdivisions (RQ-330)

Dear Representative Hightower:

You have requested our opinion regarding the proper construction of article 6702-3, V.T.C.S., which authorizes a commissioners court to improve a road in a subdivision and assess the costs against the owners of real property within the subdivision. That statute provides:

> (a) This article applies only to a subdivision or a part of a subdivision in an unincorporated area of the county. To the extent that this article authorizes the improvement of an access road to a subdivision, this article applies only to an access road in an unincorporated area of the county.

> (b) In this article, "improvement" means the construction, reconstruction, or repair of a road.

> (c) The commissioners court of a county may order that the county improve a road in a subdivision or an access road to a subdivision to comply with any county standards for roads and assess all or part of the costs of the improvement pro rata against the owners of real property in the subdivision if:

> > (1) the commissioners court determines that the improvement is necessary for the public health, safety, or welfare of the residents of the county; and

> (2) a majority of those record owners of real property in the subdivision who are voting vote by mailed ballot in favor of the county improvement and assessment.

> (d) Before ordering an improvement and assessment under this article, the commissioners court must give notice of the proposed improvement and assessment and must hold a public hearing on the question. . . .

> (e) Within 10 days after the date of the public hearing, the commissioners court shall send by certified mail to each owner of real property in the subdivision a ballot on the question and a return addressed, stamped envelope for the return of the completed ballot to the county clerk. . . .

You first ask whether "revenue raised through this process" should be "classified as a tax or a fee."

The levy authorized by article 6702-3 is known as a "special assessment." Although a special assessment is levied under the taxing power, it is not a "tax" as that word is ordinarily used in statutory and constitutional law. *See Higgins v. Bordages*, 31 S.W. 52 (Tex. 1895); *City of Wichita Falls for use of L.E. Whitman & Co. v. Williams*, 26 S.W.2d 910 (Tex. 1930); *Phelps v. Thurber Brick Co.*, 62 S.W.2d 596 (Tex. Civ. App.--Galveston 1933). As a result, statutory and constitutional principles applicable to taxation have no application to special assessments. *See, e.g., Wichita County Water Improvement Dist. No. 2 v. City of Wichita Falls*, 323 S.W.2d 298, 300 (Tex. Civ. App.--Fort Worth 1959, writ ref'd n.r.e.); *City of Dallas v. Atkins*, 223 S.W. 170 (Tex. 1920); *Cisco v. Varner*, 16 S.W.2d 265, 266 (Tex. Comm'n App. 1929). *But see Harris County v. Boyd*, 7 S.W. 713 (Tex. 1888). *See generally* 60 TEX. JUR. 3d *Public Improvements* § 10, at 14-15 (1988).

You also ask whether the county tax assessor-collector is authorized to collect these assessments, and if he is not, what official should collect them and how should he do so. Since a special assessment is not governed by property tax law, and since article 6702-3 makes no provision for collection by the county tax assessor-collector, we must conclude that official has no necessary involvement in the assessment and collection process. The statute says merely that, if a majority of those casting ballots favor the improvement, the commissioners court shall "assess the costs of the improvements against the real property owners." V.T.C.S. art.

6702-3(e). In our opinion, the commissioners court, in the absence of statutory guidelines, must determine the details of the collection process. That body may delegate such duties in any reasonable manner and to any county official, employee or contractor, including the county tax assessor-collector.

Your next question is whether the assessment may "be calculated using a flat rate against the value of the property as property taxes are calculated for the individual property owner." Article 6702-3 declares that the commissioners court may "assess all or part of the costs of the improvement *pro rata* against the owners of real property in the subdivision." *Id.* art. 6702-3(c) (emphasis added). The term "pro rata" does not specify a particular formula. It has no meaning unless referable to some rule or standard. *Hendrie v. Lowmaster*, 152 F.2d 83, 85 (6th Cir. 1945); *see Chenoweth v. Nordan & Morris*, 171 S.W.2d 386, 387 (Tex. Civ. App.--San Antonio 1943, writ ref'd w.o.m.). The value of the improvement to each property owner should be arrived at by some method that will provide fairly for its determination and guarantee an equitable distribution of the assessment. *Dallas County Levee Dist. No. 2 v. Looney*, 207 S.W. 310, 312 (Tex. 1918). Assessments have been made on the basis of such factors as front footage, area, and property value. *See, e.g., Smith v. City of Houston*, 693 S.W.2d 753, 754-55 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Cook v. City of Addison*, 656 S.W.2d 650, 656-58 (Tex. App.--Dallas 1983, writ ref'd n.r.e.); *City of Houston v. Alnoa G. Corp.*, 638 S.W.2d 515, 517 (Tex. App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.); *Dallas County Levee Dist. No. 2 v. Looney*, 207 S.W. at 312; *see generally* 60 TEX. JUR. 3d *Public Improvements* § 22, at 27-29 (1988). In the absence of statutory direction, the precise formula should be determined by the commissioners court, with special regard for the particular benefits which will accrue to each owner as a result of the improvement.

Your last question is whether "the cost of the election, along with the cost of the collecting and reporting activity," may "be added to the road construction costs in order to determine total cost of the project." Article 6702-3(c) authorizes the commissioners court to assess only "all or part of the costs of the improvement." "Improvement" is defined in the statute as "the construction, reconstruction, or repair of a road." V.T.C.S. art. 6702-3(b). In our opinion, the statutory language does not permit the assessment to the property owners of the costs of holding the election and collecting the assessment. Thus, we conclude that neither the cost of the election nor the cost of collecting and reporting the results may be added to road construction costs in determining the total amount to be assessed against the property owners.

## S U M M A R Y

A commissioners court which orders improvements to a road in an unincorporated area of the county as the result of an election held under article 6702-3, V.T.C.S., may delegate the details of the process of collecting the assessment against the affected property owners, and it may also determine the precise formula for calculating the assessment, with special regard for the particular benefits which will accrue to each property owner. The costs of holding the election and collecting the revenues may not be assessed against the property owners.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General